OPINION
{¶ 1} Plaintiff-appellant, Penny D. Day, now known as Penny Shalosky, appeals the June 29, 2004 judgment entry of the Court of Common Pleas, Seneca County, Ohio. The trial court overruled her objections to the December 16, 2003 magistrate decision which designated defendant-appellee, Dennis G. Day, residential parent of the parties' minor child, Rochelle Day.
 {¶ 2} Dennis and Penny were married on April 11, 1995, and Rochelle was born of the marriage shortly thereafter. Penny filed a complaint for divorce in October 2000. In January 2002 the parties entered into a Separation Agreement and Property Settlement, which resolved all of the matters in controversy. The trial court accepted the agreement and incorporated it into its February 15, 2002 judgment entry/decree of divorce. In that agreement, the parties agreed that it was in Rochelle's best interest that Penny be designated as the custodial and residential parent and that Dennis be awarded reasonable visitation rights. In the divorce decree, Dennis was granted visitation in accordance with local rules with an additional mid-week visitation on Thursday evenings each week from 5:00 p.m. until 8:30 p.m.
 {¶ 3} The Separation Agreement also contained the following provision:
 NOTICE OF INTENT TO RELOCATE: If either parent intends to move to a residence other than theresidence specified in the caption of the order, then that "relocating"parent shall file a Notice of Intent to relocate with the Court.
The agreement specifically recognized that both Penny and Dennis resided in Fostoria, Ohio. Thus, pursuant to the agreement both parties were to notify the trial court of their intent to relocate from Fostoria.
 {¶ 4} After the court adopted the agreement and incorporated it into the divorce decree, Penny moved to Galloway, Ohio, approximately 100 miles away, to live with her new boyfriend, whom she had met over the Internet. Prior to relocating, she failed to notify Dennis, the appointed guardian ad litem, or the trial court. Thereafter, because he believed this would interfere with his visitation rights, specifically the mid-week visitation granted to him in the divorce decree, he filed motions with the trial court for a new trial and for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 5} Following a hearing on the motions, the trial court granted Dennis's motion for relief from judgment and vacated the portion of the divorce decree which allocated parental rights and responsibilities. The court found:
Based on the testimony and evidence adduced at the hearing, it is clearto the Court that prior to the time of the final hearing in the divorceaction, plaintiff Penny Day fully intended to move and relocate RochelleDay * * * outside of the Fostoria, Ohio, area without notice to theCourt, the defendant or the Guardian ad litem.. The Court believes thisissue was so critical to the overall resolution of the divorce actionthat it would not have been concluded by an agreement between the partiesand the Plaintiff revealed her intentions to relocate Rochelle prior tothe final hearing.
A hearing was held before the magistrate on the issue of allocation of parental rights and responsibilities. Subsequent to that hearing, the trial court determined pursuant to R.C. 3109.04(F)(1) that it was in Rochelle's best interests that Dennis be designated the residential parent. Penny then filed objections to the magistrate decision, which were subsequently overruled in the trial court's June 29, 2004 judgment entry. An Amended Decree of Divorce was filed on April 14, 2005. Penny now appeals, asserting the following assignments of error:
The trial court erred in granting a change of custody when allthree requirements of [R.C. 3109.04(E)(1)(a)] were not met.
 The trial court erred in granting a change of custody when thefactors favored appellant mother.
 The trial court erred in granting a change of custody when itconsidered future rather than present circumstances.
 The trial court erred in granting a change of custody when it ignoredthe primary caretaker factor.
 The trial court erred in granting a change of custody when itconsidered the exercise of appellant mother's rights to move toGalloway, Ohio and to File Bankruptcy as improper conduct.
 The trial court erred in granting a change of custody when it gaveundue weight to appellant mother's move to Galloway, Ohio.
 The trial court erred in granting a change of custody when no harm wasshown to justify a change in custody.
 {¶ 6} In her seven assignments of error, Penny argues that the trial court erred by granting a "change of custody." Specifically, she argues that the trial court was not permitted to modify the custody arrangement pursuant to R.C. 3109.04(E) because it did not, and in fact could not, find that the requirements of that statute had been met. Under R.C.3109.04(E)(1)(a)(iii), a court cannot make a modification to parental rights and responsibilities unless it finds that (1) a change of circumstances has occurred, (2) the modification is in the child's best interests, and (3) the harm likely to be caused by the modification is outweighed by its advantages. Penny asserts that none of these conditions have been met.
 {¶ 7} However, the procedural history of this case demonstrates that R.C. 3109.04(E) is not applicable. In the instant case, the trial court granted relief from the prior decree establishing the parties' parental rights and responsibilities pursuant to motion filed under Civ.R. 60(B). In doing so, the court vacated the previous award of custody to Penny, an award which was made initially pursuant to an agreement between the parties. The trial court found that not only had Penny failed to adhere to the terms of that agreement, but in fact that she had no intentions of adhering to the arrangement agreed to by the parties at the time the agreement was made. Once the portion of the previous divorce decree governing the allocation of parental rights and responsibilities had been vacated by the trial court, the court was required to make an initial
determination of parental rights. Thus, this was not a modification of parental rights and R.C. 3109.04(E) does not apply.
 {¶ 8} Ultimately, however, Penny's contention is that the magistrate erred in designating Dennis as the custodial and residential parent. Therefore, we will examine the proceedings below to determine whether the magistrate and the trial court followed the requirements of R.C. 3109.04
in making its custody determination.
 {¶ 9} Decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71. The judge, acting as the trier of fact, is in the best position to observe the witnesses, weigh evidence and evaluate testimony. In reBrown (1994), 98 Ohio App.3d 337. Therefore, we must not substitute our judgment for that of the trial court absent an abuse of discretion.Miller, 37 Ohio St.3d at 74; Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. Accordingly, we will not reverse a trial court judgment that is "supported by a substantial amount of credible and competent evidence."Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus.
 {¶ 10} In making an allocation of parenting rights, the court must consider the best of interests of the child. R.C. 3109.04(B)(1). In order to determine the child's best interest, the court is required to consider the factors outlined in R.C. 3109.04(F), but may consider additional factors as well. R.C. 3109.04(F)(1). Accordingly, we must examine the record to determine (1) that the trial court considered all of the necessary factors listed in R.C. 3109.04(F) and (2) that there is competent, credible evidence supporting the magistrate's conclusion that designating Dennis the residential parent is in Rochelle's best interests.
 {¶ 11} The record demonstrates that the trial court considered the factors listed in R.C. 3109.04(F). The magistrate recognized that the wishes of the parents were divergent, with each seeking to be designated the residential parent. R.C. 3109.04(F)(1)(a). The magistrate noted that he had conducted an in camera interview with Rochelle, but noted that "she barely had sufficient reasoning ability and age to express her wishes and concerns." The magistrate did indicate, however, that he considered the wishes and concerns Rochelle expressed during the interview. R.C. 3109.04(F)(1)(b).
 {¶ 12} The magistrate also considered Rochelle's interaction and interrelationship with the parents, finding that her relationship "appear[ed] to be good both ways." R.C. 3109.04(F)(1)(c). The court specifically noted, however, that Rochelle had a "very close" relationship with her mother, though he expressed some concern about "how that interrelationship is acted upon." He indicated that he was concerned with the way Penny had "surreptitiously and deliberately moved the child into a virtual stranger's home," although there were no concerns with the boyfriend himself.
 {¶ 13} The magistrate considered that Rochelle was adapted to life in Fostoria, Ohio, where her extended family from both sides is located, while she had no connection to the Galloway area. R.C. 3109.04(F)(1)(d). Rochelle had also attended school in the Fostoria school system.
 {¶ 14} The magistrate combined R.C. 3109.04(F)(1)(e)(f), and expressed concerns about both parents honoring and facilitating a court-ordered visitation schedule. The magistrate expressed concerns about Dennis's past use of police authority when dealing with visitation issues with a child from a previous marriage. As to the mother, the court focused extensively on the fact that Penny had planned to move from the Fostoria area during the time she was negotiating the settlement with Dennis and had failed to inform anyone. The magistrate also expressed concern about Penny's past behavior, particularly noting one instance in which she made a civil agreement to avoid criminal prosecution stemming from a theft offense and then filed bankruptcy to avoid having to pay that agreement. This caused the magistrate to conclude: "This causes great concern about future parenting time arrangements. At what point will the mother decide she needs to make another move without the court['s] consent? At what point will she decide that some other schedule should be followed at her whim rather than through court proceedings?"[1]
 {¶ 15} Finally, the court recognized, and the record reflects, that the factors listed in R.C. 3109.04(F)(1)(g) — (j) were not applicable to the present case. Accordingly, we find that the trial court correctly considered all of the relevant factors in R.C. 3109.04(F)(1) in determining the child's best interests.
 {¶ 16} Ultimately, the fact that Rochelle was more connected to the Fostoria community and had extended family there, coupled with the concerns surrounding Penny and the likelihood that she would take steps to interfere with Dennis's parenting time, appear to have persuaded the court to award custody to Dennis. The remaining issue, therefore, is whether there was sufficient evidence to substantiate the trial court's concerns; we find that the record contained competent, credible evidence supporting the court's conclusion.
 {¶ 17} First, it is clear from the record that the extended family on both sides reside in the Fostoria, Ohio area, and that Rochelle has no family other than her mother in Galloway. These are clear, uncontested factual issues that support the magistrate's decision.
 {¶ 18} Second, there is competent, credible evidence in the record that Penny intended to move to Galloway at the time she entered into the initial agreement with Dennis, and that she surreptitiously hid this fact from Dennis and from the court. She acknowledged in her own testimony that she knew before entering into the agreement on January 28, 2002 that she was planning on relocating:
Q: On [January 28, 2002] you attempted to pull the wool over Mr. Day'seyes by agreeing to a document, the terms of which you on that very dayknew you were in the process of breaking, right?
 A: Right.
 {¶ 19} She also acknowledged that she informed Dennis of her move in a letter mailed on the day of the move, and that she did so with the specific intention that he would not find out about the move until after she had relocated. This letter was written on February 22, 2002, seven days after the decree of divorce was filed on February 15, 2002 and approximately three weeks after the Separation Agreement was signed by the parties. All of this evidence supports the trial court's conclusions when it considered the factors listed under R.C. 3109.04(F)(1)(f).
 {¶ 20} Accordingly, there was competent, credible evidence in the record supporting the trial court's conclusions. Therefore, based on the foregoing, Penny's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] Penny argues that the trial court could not properly make a best interests determination based on future concerns, arguing that R.C.3109.04(B)(1) specifies that a court must find a change in circumstance "based on facts that have arisen since the prior decree." However, as noted previously, the decision of the court below was not a change in custody, it was an initial determination of parental rights and responsibilities, so this argument is misplaced. When making a best interests determination, R.C. 31093.04(F)(1)(f) asks a court to consider future circumstance in evaluating which parent is more likely to honor the other parent's visitation rights.