OPINION
{¶ 1} Plaintiff-appellant, Lisa Erwin (hereinafter "Lisa"), appeals the judgment of the Union County Court of Common Pleas rejecting a shared parenting plan and naming defendant-appellee, Roland Erwin (hereinafter "Roland"), the residential parent of the parties' two minor children.
 {¶ 2} Lisa and Roland were married November 1, 1991. During the marriage, two children were born: Brooke, born May 29, 1992 and Derek, born February 18, 1994. On January 3, 2003, Lisa moved out of the marital residence and moved in with Mark Cursey, whom she met the prior day. Brooke and Derek continued to live with Roland, but began having overnight visits with Lisa approximately two weeks after Lisa moved out.
 {¶ 3} On February 11, 2003, Lisa filed for divorce and shared parenting. On March 18, 2003, a hearing was held with the magistrate. The magistrate found that the parties were already alternating weekly custody of the children, as set forth in the proposed shared parenting plan and the magistrate ordered the schedule to continue during the pendency of the divorce proceedings.
 {¶ 4} A final hearing with the magistrate was held on June 19, 2003, which disposed of all issues and granted the parties a divorce. The magistrate's decision was issued on June 25, 2003. In that decision, the magistrate rejected the shared parenting plan that had been ordered under the temporary orders. The magistrate found, instead, that it was in the best interest of both children for Roland to be named the residential parent. Lisa was awarded visitation pursuant to the court's local rule visitation schedule.
 {¶ 5} Lisa filed objections to the magistrate's decision with the trial court and the trial court conducted a supplemental evidentiary hearing on August 27, 2004. On September 9, 2004, the trial court issued its judgment entry from the supplemental hearing, overruling Lisa's objections and affirming the magistrate's decision.
 {¶ 6} It is from this September 9, 2004 decision that Lisa appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed an error of law by failing to complywith R.C. 3109.04(D)(1)(a)(iii).
 {¶ 7} R.C. 3109.04 governs the allocation of parental rights and responsibilities in divorce proceedings and requires the court to consider the children's best interest in determining custody. See R.C.3109.04(B)(1). A trial court has broad authority under R.C. 3109.04(D) to order shared parenting, and an appellate court presumes that a trial court's decision regarding child custody matters is correct. DeLevie v.DeLevie (1993), 86 Ohio App.3d 531, 539; Miller v. Miller (1988),37 Ohio St.3d 71, 74. Absent an abuse of discretion, we will not reverse a child custody decision that is supported by a substantial amount of competent and credible evidence. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus. An abuse of discretion constitutes more than an error of law or judgment, and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. However, while a trial court's discretion in a custody proceeding is broad, it is not absolute, and the trial court must follow the procedure described in R.C. 3109.04 when making custody decisions. Miller, 37 Ohio St.3d at 74.
 {¶ 8} In an action for custody, either parent may request that the court order shared parenting. See R.C. 3109.04(D)(1)(a). When only one parent requests shared parenting, however, R.C. 3109.04(D)(1)(a)(iii) sets forth the specific procedure the trial court should follow. Upon consideration of the best interests of the child, the statute requires the court to enter findings of fact and conclusions of law if it approves or denies the parent's shared parenting plan providing, "[i]f the court * * * denies the motion or motions requesting shared parenting * * * the court shall enter in the record of the case findings of fact andconclusions of law as to the reasons for the approval or the rejection or denial." See R.C. 3109.04(D)(1)(a)(iii); Harris v. Harris (1995),105 Ohio App.3d 671, 678-79. Emphasis added.
 {¶ 9} In this assignment of error, Lisa argues that the trial court acted contrary to R.C. 3109.04(D)(1)(a)(iii) by failing to provide any findings of fact and conclusions of law or give its reasons for its rejection of her shared parenting plan. Lisa contends that the trial court's failure to do so constituted error, especially in light of the fact the plan was approved as a temporary order during the pendency of the divorce proceedings. For the following reasons, we agree that the trial court's entry is lacking a required component.
 {¶ 10} In the case sub judice, it is evident that the trial court considered each factor of R.C. 3109.04 in determining the best interests of Brooke and Derek. In considering each factor, the trial court made reference to pages of the transcript of the final hearing and the supplemental hearing as follows:
1. character of the parents-T18, T32
 2. family relations-T18, T24, T32
 3. past conduct-T24, T25
 4. earning ability-T10, T11, T19
* * *
3. the ability of the parents to cooperate and make decisions regardingthe child jointly-T25
 4. the ability of each to encourage the sharing of love, affection, andcontact between the child and the other parent-T24, T31.
* * *
 {¶ 11} After listing each of the factors of R.C. 3109.04(F)(1) and (2) and their corresponding transcript pages, the trial stated:
The trial court finds that the direction of the above-cited statuteshas now been fully complied with and based upon all of the testimonypresented in prior hearings, as well as the supplemental evidence producedon August 27, 2004, it is the finding and Order of this Court that thebest interests of the minor children of the parties requires that noshared parenting plan be put into effect, and that Defendant be and ishereby named residential parent and custodian for the minor children ofthe parties, Brook [sic] and Derek.
 {¶ 12} It is apparent from this entry that the trial court did not make specific, delineated findings of fact and conclusions of law as directed by R.C. 3109.04(D)(1)(a)(iii). However, a trial court may substantially comply with R.C. 3109.04(D)(1)(a)(iii), without providing a detailed analysis, if its reasons for approval or denial of the shared parenting plan are apparent from the record. See Hall v. Hall (May 29, 1997), Union App. No. 14-97-03.
 {¶ 13} After review, however, we find that the reasons for the trial court's denial of the shared parenting plan herein are not apparent from the record. Although the trial court's reference to the transcript clearly demonstrates what evidence the trial court considered with regard to each factor, the trial court failed to take the next step and make findings of fact from the evidence it considered and draw conclusions of law to support its determination that the shared parenting plan should be rejected and Roland should be named the residential parent. Nor did the trial court expressly adopt the specific reasons offered by the magistrate on this issue. The trial court was required to state its reasons for denying a shared parenting plan pursuant to R.C.3109.04(D)(1)(a)(iii). From the trial court's decision and entry, however, we are unable to glean any express rationale for its determinations. Thus, we must conclude that the trial court has not complied with the statutory directive nor has it substantially complied therewith.
 {¶ 14} Lisa's first assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR NO. II It was an abuse of discretion to designate Appellee the soleresidential parent.
 {¶ 15} Considering our disposition of Lisa's first assignment of error and because we cannot determine which facts led to the trial court to conclude that Roland should be named the residential parent, we find Lisa's second assignment of error to be moot. Accordingly, the second assignment of error is overruled.
 {¶ 16} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Bryant and Rogers, JJ., concur.