JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiff-appellant Maxwell Manhema appeals from the shared-parenting decree entered by the Hamilton County Common Pleas Court, Domestic Relations Division. We affirm the trial court's judgment.
In December 2003, Mr. Manhema filed a complaint for divorce against his wife, defendant-appellant Secole Manhema, and sought an order designating him the residential parent and legal custodian of the couple's minor son. In July 2004, Mrs. Manhema filed a motion for shared parenting and a proposed shared-parenting plan. In October 2004, the court conducted a trial on the issue of parenting rights and responsibilities. At the conclusion of the trial, the court allowed both parties one week to submit written closing arguments and shared-parenting-plan proposals. The following week, Mrs. Manhema submitted a proposed shared-parenting plan with her argument. Mr. Manhema submitted only his argument. The trial court adopted Mrs. Manhema's proposal as the final shared-parenting plan.
In his sole assignment of error, Mr. Manhema now argues that the trial court erred by not designating him as the residential parent and legal custodian of the couple's son. In custody matters, we are mindful that a trial court's decision "should be accorded the utmost respect," as well as a presumption of correctness.[1] Where competent and credible evidence supports the trial court's decision concerning child custody, we will not overturn that decision absent an abuse of discretion.[2]
Mr. Manhema argues that the court exceeded its jurisdiction by adopting a shared-parenting plan submitted less than thirty days prior to trial. R.C. 3109.04(G) requires a party to file a shared-parenting plan either with the petition for dissolution of marriage, or at least thirty days prior to the hearing on the issue of parental rights and responsibilities. But Ohio courts have held that the statute is directory, not mandatory.[3] "R.C. 3109.04(G) does not create an inflexible rule requiring all shared parenting plans to be submitted thirty days before trial — a judge has discretion to grant leave to file an untimely plan, as long as due process rights are protected by allowing the opposing party adequate opportunity to address the issue and present relevant evidence at trial."[4] In this case, Mrs. Manhema filed her first shared-parenting proposal months before the trial, thereby putting Mr. Manhema on notice that shared parenting would be an issue at trial.[5] At the conclusion of the trial, the court informed the parties that they were permitted to file shared-parenting plans for its consideration. Mr. Manhema did not object to the court's invitation and chose not to submit a proposal of his own. Where Mr. Manhema knew that shared parenting was an issue for trial and chose not to submit a proposal either before trial or following the court's suggestion, Mr. Manhema's due-process rights were not violated by the court's adoption of Mrs. Manhema's plan.
Mr. Manhema argues that the trial court adopted Mrs. Manhema's second proposed shared-parenting plan even though it differed in numerous ways from the proposal she had submitted before trial. Mr. Manhema was given a fair opportunity to make his own proposal following the trial, but he did not do so. Moreover, this is not a case where the trial court imposed a shared-parenting plan of its own creation in contravention of R.C.3109.04(D).[6] Rather, the court adopted Mrs. Manhema's proposal and clarified the parenting-time schedule.
After considering all the statutorily mandated factors, the trial court determined that Mrs. Manhema's proposed shared-parenting plan was in the best interest of the child.[7] The court provided findings of fact and conclusions of law in support of its decision, as required by R.C.3109.04(D)(1)(a)(iii). The court's judgment was supported by competent and credible evidence, and it did not abuse its discretion in adopting the shared-parenting plan. We overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Hendon, JJ.
[1] Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
[2] See Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus.
[3] See Harris v. Harris (1995), 105 Ohio App.3d 671, 664 N.E.2d 1304;In re Minnick, 12th Dist. No. CA2003-01-001, 2003-Ohio-4245; Swain v.Swain, 4th Dist. No. 04CA726, 2005-Ohio-65.
[4] Hampton-Jones v. Jones, 8th Dist. Nos. 77270 and 77412, 2001-Ohio-4229.
[5] See Harris, supra.
[6] See, e.g., DaSilva v. DaSilva, 12th Dist. No. CA2004-06-127, 2005-Ohio-5475; Bowen v. Bowen (1999), 132 Ohio App.3d 616,725 N.E.2d 1165.
[7] See R.C. 3109.04(F)(1) and (2).