OPINION
{¶ 1} Plaintiff-Appellant, Lisa Kay Erwin, appeals a judgment of the Union County Court of Common Pleas, Domestic Relations Division, which designated Defendant-Appellee, Roland E. Erwin, Jr., the sole residential parent of the parties' two minor children. On appeal, Lisa asserts that the trial court erred when it designated Roland the sole residential parent of the parties' two minor children and that the trial court erred when it awarded Roland the tax dependency exemptions for the parties' two minor children. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} Lisa and Roland were married on November 1, 1991. During their marriage, two children were born: Brooke H. Erwin, born May 29, 1992 and Derek E. Erwin, born February 18, 1994. On January 3, 2003, Lisa moved out of the martial residence and moved in with a man, whom she had met the previous day. (hereinafter referred to as "boyfriend"). Brooke and Derek continued to live with Roland, but began having overnight visits with Lisa approximately two weeks after Lisa moved out.
 {¶ 3} On February 11, 2003, Lisa filed for divorce and shared parenting. On March 18, 2003, a hearing was held before a magistrate. The magistrate found that the parties were already alternating weekly custody of the children, as set forth in the proposed shared parenting plan, and the magistrate ordered the schedule to continue during the pendency of the divorce proceedings.
 {¶ 4} A final hearing with the magistrate was held on June 19, 2003, which disposed of all issues and granted the parties a divorce. In the magistrate's decision, the magistrate rejected the shared parenting plan that had been ordered under the temporary orders. The magistrate found, instead, that it was in the best interest of both children for Roland to be named the legal custodian and residential parent of the children. Lisa was awarded visitation under the court's local rule visitation schedule.
 {¶ 5} Lisa filed objections to the magistrate's decision with the trial court and the trial court conducted a supplemental evidentiary hearing on August 27, 2004. On September 9, 2004, the trial court issued its judgment entry from the supplemental hearing, overruling Lisa's objections and affirming the magistrate's decision.
 {¶ 6} On October 6, 2004, Lisa appealed this decision. In our decision, Erwin v. Erwin, Jr., 3d Dist. No. 14-04-37,2005-Ohio-1603 (hereinafter referred to as "Erwin I"), we reversed and remanded the trial court's decision because "the trial court did not make specific, delineated findings of fact and conclusions of law as directed by R.C. 3109.04(D)(1)(a)(iii)", id. at ¶ 12, nor did the trial court substantially comply with R.C. 3109.04(D)(1)(a)(iii). Id. at ¶ 13.
 {¶ 7} On June 24, 2005, a further evidentiary hearing was held with the magistrate. On July 1, 2005, the magistrate issued a decision which rejected shared parenting and found it was in the best interest of the children for Roland to be designated the legal custodian and sole residential parent of the children.
 {¶ 8} On July 14, 2005, Lisa filed objections to the magistrate's decision. On September 27, 2005, the trial court issued its journal entry, which overruled Lisa's objections and affirmed the magistrate's decision in all respects.
 {¶ 9} It is from this judgment that Lisa appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I IT WAS AN ABUSE OF DISCRETION TO DESIGNATE APPELLEE THE SOLERESIDENTIAL PARENT
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY AWARDING APPELLEETHE TAX DEPENDENCY EXEMPTIONS.
 Assignment of Error No. I {¶ 10} In her first assignment of error, Lisa asserts that the trial court abused its discretion when it designated Roland as the sole residential parent. Specifically, Lisa argues that the trial court's findings are arbitrary, unreasonable, and not supported by the record. We disagree.
 {¶ 11} We begin by noting that this was Lisa's second assignment of error in Erwin I. See Erwin I, 2005-Ohio-1603, at ¶¶ 15-16. However, our decision in Erwin I rendered this assignment of error moot, so we consider it now.
 {¶ 12} Decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller
(1988), 37 Ohio St.3d 71. Custody determinations are some of the most difficult and agonizing decisions a trial judge must make, and therefore appellate courts must grant wide latitude to their consideration of the evidence. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. Therefore, we must not substitute our judgment for that of the trial court's absent an abuse of discretion. Miller, 37 Ohio St.3d at 74. An abuse of discretion connotes more than an error of law or judgment; it indicates that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 13} The judge, acting as the trier of fact, is in the best position to observe the witnesses, weigh evidence and evaluate testimony. In re Brown (1994), 98 Ohio App.3d 337; see alsoFlickinger, 77 Ohio St.3d at 418; Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 23. Therefore, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co.,Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 81. It is the trial court's role to examine evidence as it pertains to the factors listed in R.C. 3109.04(F)(1). Accordingly, where an allocation of parental rights and responsibilities is supported by a "substantial amount of credible and competent evidence" the decision will not be reversed. Bechtol, 49 Ohio St.3d at 21, syllabus. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. City of Cincinnati (1988),38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
 {¶ 14} In making an allocation of parenting rights, the court must consider the best interests of the children. R.C.3109.04(B)(1). In order to determine a child's best interest, the court is required to consider the factors outlined in R.C.3109.04(F), but may consider additional factors as well. R.C.3109.04(F)(1). Accordingly, we must examine the record to determine (1) that the trial court considered all of the necessary factors listed in R.C. 3109.04(F) and (2) that there is competent, credible evidence supporting the trial court's conclusion that designating Roland the residential parent is in children's best interests. Day v. Day, 3d Dist. No. 13-05-17,2005-Ohio-6032, at ¶ 10.
 {¶ 15} Under R.C. 3109.04(F)(1):
In determining the best interest of a child pursuant to thissection, whether on an original decree allocating parental rightsand responsibilities for the care of children or a modificationof a decree allocating those rights and responsibilities, thecourt shall consider all relevant factors, including, but notlimited to:
 (a) The wishes of the child's parents regarding the child'scare;
 (b) If the court has interviewed the child in chamberspursuant to division (B) of this section regarding the child'swishes and concerns as to the allocation of parental rights andresponsibilities concerning the child, the wishes and concerns ofthe child, as expressed to the court;
 (c) The child's interaction and interrelationship with thechild's parents, siblings, and any other person who maysignificantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, andcommunity;
 (e) The mental and physical health of all persons involved inthe situation;
 (f) The parent more likely to honor and facilitatecourt-approved parenting time rights or visitation andcompanionship rights;
 (g) Whether either parent has failed to make all child supportpayments, including all arrearages, that are required of thatparent pursuant to a child support order under which that parentis an obligor;
 (h) Whether either parent previously has been convicted of orpleaded guilty to any criminal offense involving any act thatresulted in a child being an abused child or a neglectedchild; * * *
 (i) Whether the residential parent or one of the parentssubject to a shared parenting decree has continuously andwillfully denied the other parent's right to parenting time inaccordance with an order of the court;
 (j) Whether either parent has established a residence, or isplanning to establish a residence, outside this state.
 {¶ 16} The record demonstrates that the trial court considered the factors listed in R.C. 3109.04(F). The magistrate recognized that the wishes of the parents were divergent, with Lisa proposing shared parenting and Roland seeking to be designated the residential parent and legal custodian of the parties' two children. R.C. 3109.04(F)(1)(a). The magistrate noted that he had conducted an in camera interview in June of 2003 with each child separately and found both children competent in accordance with Evid.R. 601. Additionally, the magistrate noted that both children told him that they wanted to live with Roland. R.C. 3109.04(F)(1)(b). Further, Derek noted that he did not want to be separated from his sister. R.C. 3109.04(F)(1)(c).
 {¶ 17} In further consideration of R.C. 3109.04(F)(1)(c), The magistrate noted that Lisa lived with her boyfriend and that she moved out of the marital residence to live with him the day after they met. The magistrate stated that Lisa "left the party's (Sic.) two children with [Roland] so that she could go live with her boyfriend." (July 1, 2005 Magistrate's Decision p. 5). Additionally, the magistrate noted that Roland had asked Lisa to continue to see the children. The magistrate also stated that Roland never denied visitation of the children with Lisa and that within a week of moving in with her boyfriend, Lisa had introduced the children to him. The magistrate also noted that prior to filing for divorce, Lisa made no attempt to have the children move in with her. The magistrate also stated that Lisa and Roland do not agree on how to discipline their children. Specifically, the magistrate noted that Lisa has smacked the children on their mouth while Roland would spank them on the bottom or give them a "time out." Additionally, the magistrate noted that Roland's home is the only residence that the children have lived in and that Roland did not have an address for Lisa until June of 2003. R.C. 3109.04(F)(1)(c)
 {¶ 18} The magistrate also considered that the children and Roland do many activities together including rabbit hunting and going to the movies. Additionally, the magistrate noted that Roland has regular contact with both children's school teachers and he helps them with their school work. Further, the magistrate noted that the children attend North Union School and receive A's, B's, and C's for grades. R.C. 3109.04(F)(1)(c) (d).
 {¶ 19} The magistrate also considered R.C. 3109.04(F)(1)(d). Specifically, the magistrate noted that Lisa admitted that the children have done well in Roland's care for the past two years and that the children are doing well in school. R.C.3109.04(F)(1)(d).
 {¶ 20} The magistrate also stated that Lisa and Roland cooperate in the children's school functions and provide transportation to and from school, school functions, and sporting events. R.C. 3109.04(F)(1)(c) (d) and R.C.3109.04(F)(2)(a).[1] Additionally, the magistrate also noted that Lisa and Roland cooperate in determining which other children are bad influences on their children. R.C.3109.04(F)(2)(a).[2]
 {¶ 21} The magistrate also considered R.C. 3109.04(F)(1)(e). Specifically, the magistrate noted that Lisa is in good health and that Roland has back problems, but they did not render him unable to care for the children. R.C. 3109.04(F)(1)(e).
 {¶ 22} The magistrate also considered R.C. 3109.04(F)(1)(f). Specifically, the magistrate noted that Roland permitted Lisa to have additional visitation with the children on Wednesday evenings. R.C. 3109.04(F)(1)(f).
 {¶ 23} The magistrate also considered R.C. 3109.04(F)(1)(g) and noted that Lisa was current in her child support obligation.
 {¶ 24} The magistrate also considered R.C. 3109.04(F)(1)(h). Specifically, the magistrate stated that neither Lisa nor Roland had been convicted of or pled guilty to any criminal offense involving any act that would have resulted in a child being an abused or neglected child. R.C. 3109.04(F)(1)(h).
 {¶ 25} The magistrate also considered R.C. 3109.04(F)(1)(i). Specifically, the magistrate noted that Roland has not continuously and willfully denied Lisa's right to parenting time. R.C. 3109.04(F)(1)(i).
 {¶ 26} Finally, the magistrate considered R.C.3109.04(F)(1)(j). Specifically, the trial court noted that neither Lisa nor Roland has established or is planning to establish a residence outside of Ohio. R.C. 3109.04(F)(1)(j). Accordingly, we find that the trial court correctly considered all of the relevant factors in R.C. 3109.04(F)(1) in determining the child's best interests.
 {¶ 27} Ultimately, the fact that Lisa and Roland disagreed on the way to discipline the children; that Lisa left the children with Roland when she went to live with her boyfriend whom she had only known for one night; that Lisa introduced the children to her boyfriend the same week that she moved in with him; coupled with the fact that Roland did not have Lisa's address until June of 2003, appear to have persuaded the magistrate to deny Lisa's motion for shared parenting and award custody to Roland. Additionally, the trial court adopted the magistrate's decision, denying Lisa's motion for shared parenting and awarding custody to Roland, and added that Lisa's abrupt abandonment of the children had an adverse effect on the children's best interest.
 {¶ 28} The remaining issue, therefore, is whether there was sufficient evidence to substantiate the trial court's concerns. While Lisa argues that some of the trial court's findings were not supported by competent, credible evidence, upon review of the record, we find that the record contained a substantial amount of competent, credible evidence to support the court's conclusion.
 {¶ 29} Accordingly, Lisa's first assignment of error is overruled.
 Assignment of Error No. II {¶ 30} In her second assignment of error, Lisa argues that the trial court erred when it awarded Roland the tax dependency exemptions for the children. Specifically, Lisa argues that the trial court failed to state any findings to support the grant of the tax dependency exemptions to Roland and that the grant was not supported by the evidence.
 {¶ 31} Civ.R. 53(E)(3)(a) requires objections to the magistrate's decision be filed within fourteen days of the decision. If objections to the magistrate's decision are timely filed, the trial court is required to rule on those objections. However, if a party fails to make the necessary written, specific objections within fourteen days of the filing of the magistrate's order, then the trial court is not required to rule on the objections. Instead, the trial court may adopt, reject, or modify the magistrate's decision. Civ.R. 53(E)(4)(b). Moreover, "a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law" contained in the magistrate's decision unless it was properly objected to within the fourteen day period. Civ.R. 53(E)(3)(d).
 {¶ 32} In the case sub judice, Lisa did not file an objection to the magistrate's decision with regards to the tax dependency exemptions. Accordingly, because an objection to the magistrate's decision herein was not filed with respect to this finding, the trial court was entitled to adopt the magistrate's decision, which it did. Under Civ.R. 53(E)(3)(d), Lisa may not, therefore, assign as error on appeal to this court the portions of the magistrate's decision regarding the tax dependency exemptions that the trial court adopted. Thus, Lisa's second assignment of error is not properly before this court, and we must overrule it.
 {¶ 33} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] In the magistrate's July 1, 2005 decision, we note the magistrate cites R.C. 3109.04(E)(2)(a). After reviewing R.C.3109.04(E)(2)(a), we believe the magistrate intended to cite R.C.3109.04(F)(2)(a). R.C. 3109.04(E)(2)(a) provides when parties under a shared parenting decree jointly may modify their shared parenting plan, while R.C. 3109.04(F)(2)(a) provides an additional factor to consider when determining whether shared parenting is in the best interests of the children. Specifically, R.C. 3109.04(F)(2)(a) provides that the "ability of the parents to cooperate and made decisions jointly, with respect to the children" is an additional factor to consider in determining whether shared parenting is in the best interests of the children. Accordingly, this error appears to be a mere typographical error.
[2] See discussion in footnote 1.