OPINION
{¶ 1} The plaintiff-appellant, Kelly Jean Schatts chneider, appeals the judgment of the Auglaize County Common Pleas Court, Domestic Relations Division, granting her a divorce from the defendant-appellee, Adam James Schattschneider, and granting Adam's motion for shared parenting. Kelly challenges the order of shared parenting, arguing that the trial court erred by crafting its own shared parenting plan at the final divorce hearing. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On October 7, 2005, Kelly filed a complaint for divorce against Adam in the Auglaize County Common Pleas Court, Domestic Relations Division. The complaint alleged that the parties had been married since 1988, and that two minor children had been born during the marriage; the first child in 1997 and the second in 2000. Relevant to this appeal, on March 6, 2006, Adam filed a motion for shared parenting. Adam attached a proposed shared parenting plan to his motion as Exhibit A. The court held the final divorce hearing on April 25, 2006, at which time, the court inquired about the parties' agreement as to property distribution. The court also heard evidence pertaining to the allocation of parental rights. At the end of the hearing, the court addressed Adam's motion for a shared parenting plan. The court adopted the shared parenting plan, except for the section entitled "Parental Rights." In that section, the proposed shared parenting plan *Page 3 
gave custody of the children to Kelly during the school year; however, the court changed that section by dividing custody into alternating six-month increments. The court also made several changes to the visitation schedule. At the close of the hearing, the court asked Kelly's attorney to prepare the judgment entry and asked Adam's attorney to prepare the shared parenting plan in accordance with the court's orders.
 {¶ 3} The clerk's certified docket indicates that the trial court scheduled a hearing on the judgment entry for May 30, 2006 at 11:30 a.m.; however no transcript of that hearing has been filed for purposes of appellate review. On May 30, 2006 at 11:41 a.m., the trial court filed the judgment entry, which incorporated the modified shared parenting plan. It is from this judgment that Kelly appeals, setting forth one assignment of error for our review.
 Assignment of Error The court created its own shared parenting plan in violation of ORC§ 3109.04
 {¶ 4} Generally, "R.C. 3109.04 governs the allocation of parental rights and responsibilities in divorce proceedings and requires the court to consider the children's best interest in determining custody."Erwin v. Erwin, 3rd Dist. No. 14-04-37, 2005-Ohio-1603, at ¶ 7, citing R.C. 3109.04(B)(1). Ordinarily, a trial court's decision as to custody will not be reversed on appeal absent an abuse of discretion. Id., citing R.C. 3109.04(D); DeLevie v. DeLevie (1993), 86 Ohio *Page 4 
App.3d 531, 539, 621 N.E.2d 594; Miller v. Miller (1988),37 Ohio St.3d 71, 74, 523 N.E.2d 846; Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178, syllabus. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted). However, the trial court's discretion is not absolute, and it must abide by R.C. 3109.04 in making decisions concerning custody.Erwin, at ¶ 7, citing Miller, at 74.
 {¶ 5} In custody proceedings, either parent may file a motion requesting a shared parenting plan; however, if only one parent makes such a request, R.C. 3109.04(D)(1)(a)(iii) controls. Id., at ¶ 8. In this case, only Adam requested that the court impose a shared parenting plan, so this case is controlled by R.C. 3109.04(D)(1)(a)(iii). The trial court did not find the shared parenting plan to not be in the best interests of the children, nor did the court ask Kelly to submit a proposed shared parenting plan. However, the court clearly had objections to one section of Adam's proposed shared parenting plan. In such a situation, the court could request that Adam modify the terms of the shared parenting program to address the court's objections.DaSilva v. DaSilva, 12th Dist. No. CA2004-06-127, *Page 5 2005-Ohio-5475, at ¶ 11. Instead of requesting modifications to address its concerns, the court ordered changes to be made. At the hearing, the court stated:
 And the Court is going to ORDER that the shared parenting plan filed by the Defendant be adopted with the exception of the part that is labeled "Parental Rights". The first paragraph of that plan appears to be adequate as it exists. The Court is going to divide the time between the parties as follows: the Defendant shall have the children in his care, custody, and control commencing July 15, 2006 through January 15, 2007. The Plaintiff will then be from January 15, 2007 through July 15, 2008, and they will alternate every six (6) months thereafter.
 Visitation as far as holidays and days of special meaning will be pursuant to Local Rule of Court Number 28 and for that purpose only the Plaintiff will be designated as the residential parent because the schedule is set up as between a residential parent and a non-residential parent and therefore, that designation will continue. Additionally, when the children are not in the care, custody, and control of the respective parent, they will have two (2) over night visitations per week commencing after school on Tuesday night through the beginning of school Wednesday morning and then after school Thursday night through the beginning of school Friday morning, to allow the children to maintain equal amounts of contact with their parents during the week.
(Emphasis Added). (Hearing Tr., Aug. 7, 2006, at 134-135). The court then asked Adam's counsel to prepare the shared parenting plan to reflect its order.
 {¶ 6} The record is clear in this case that the court considered Adam's shared parenting plan and was generally satisfied that such plan would be in the children's best interests. However, the court abused its discretion by modifying the plan. If a trial court has objections to portions of a submitted shared parenting *Page 6 
plan, it may request that the party file a modified shared parenting plan to address its concerns. DiSilva, at ¶ 11, citing R.C. 3109.04(D)(1)(a)(iii). See also Kayrouz v. Kayrouz, 12th
Dist. No. CA2005-04-096, 2006-Ohio-149, at ¶ 6-7, citing McClain v.McClain (1993), 87 Ohio App.3d 856, 857, 623 N.E.2d 242
(R.C. 3109.04(D)(1)(a)(ii) provides that if the trial court does not adopt one of the submitted shared parenting plans, it "may only make suggestions for modification of the plans to the parties."). R.C. 3109.04(D)(1)(a)(iii) "does not give the court authority to create its own shared parenting plan." DaSilva, at ¶ 11, citing Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 641, 725 N.E.2d 1165; Shoemaker v.Shoemaker (Dec. 15, 2000), 5th Dist. No. 00CA13, unreported. Should a modified shared parenting plan not satisfy the court's objections, the court shall not approve any plan.DiSalva, at ¶ 11, citing R.C. 3109.04(D)(1)(b). See alsoShoemaker, citing R.C. 3109.04(D)(1)(b); McClain, at 857 ("If the parties do not make appropriate changes or if the court is not satisfied with the changes that are resubmitted following the suggestions for modification, then the court may deny the request for shared parenting of the children. The statute does not give the court authority to create its own shared-parenting plan. A satisfactory plan must be filed with the court for adoption; otherwise, the court will not adopt any plan.").
 {¶ 7} On this record, the trial court did not merely voice its objections to the proposed shared parenting plan; instead, the court changed the provisions it *Page 7 
found objectionable, and this action is not statutorily permissible. Because its order was contrary to law, the trial court has abused its discretion. We also note that the trial court did not issue findings of fact and conclusions of law as required by R.C. 3109.04(D)(1)(a)(iii).Feltz v. Feltz, 3rd Dist. No. 10-04-04, 2004-Ohio-4160. The sole assignment of error is sustained.
 {¶ 8} The judgment of the Auglaize County Common Pleas Court, Domestic Relations Division, is reversed, and this case is remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded. ROGERS, P.J., and SHAW, J., concur. /jlr *Page 1