[Cite as *Elson v. Plokhooy,* 2011-Ohio-3009.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SHELBY COUNTY

FRANK ELSON,

    PLAINTIFF-APPELLEE,                  CASE NO. 17-10-24

    v.

MELISSA PLOKHOOY,                O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Shelby County Common Pleas Court
Domestic Relations Division
Trial Court No. 02-DV-000078

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: June 20, 2011

---

APPEARANCES:

    *John A. Poppe* for Appellant

    *Jeffrey J. Beigel* for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Melissa Plokhooy, appeals from the judgment of the Court of Common Pleas, Domestic Relations Division, of Shelby County reallocating parental rights and responsibilities of their daughter. On appeal, Melissa argues that the trial court erred by failing to read the trial transcript before entering judgment; that the trial court failed to consider the deposition of Melissa and her child's licensed counselor; that the trial court erred in failing to conduct a post-trial in camera interview with the child; and, that the trial court erred by failing to mandate that the guardian ad litem ("GAL") comply with Ohio Rules of Superintendence 48(D)(8) and 48(D)(1). Finding that the trial court committed no reversible error in the assignments but finding that the trial court committed plain error, we affirm in part and reverse in part.

{¶2} In April 2002, Frank filed a Complaint for Divorce from Melissa in the Common Pleas Court of Shelby County, Domestic Relations Division. In November 2002, the trial court entered a Decree of Divorce awarding Melissa the care, custody, maintenance and control of their child, Shelby Elson ("the child"), as residential parent. Frank was declared the non-residential parent and granted visitation with the child. In 2004, Melissa appealed the trial court's decision

granting Frank's motion for an increase in time with the child. We affirmed the decision of the trial court.

{¶3} In July 2009, Frank filed a Motion for Residential Parenting and/or Shared Parenting and Appointment of a GAL and an In Camera Interview arguing that there was a substantial change of circumstances in that the child is now ten years of age, is having difficulties residing with her mother, and now desires to reside with her father. On July 31, 2009, Melissa filed a Motion to Dismiss Plaintiff's Pleading for Reallocation of Parental Rights and Responsibilities, or in the alternative a Motion for Contempt, as Frank failed to comply with a previous court order requiring mediation before either party may file additional motions in court. On August 21, 2009, the magistrate filed a magistrate's order referring the parties to mediation. [1]

{¶4} On September 28, 2009, the magistrate filed an Order Appointing a GAL for the child.

{¶5} On October 7, 2009, Melissa filed a Motion to Reallocate Parental Rights and Responsibilities seeking the court to allow her to spend every other Sunday with the child as a previous court order allowed her to spend only five Sundays a year with the child.

---

[1] Although captioned "Judgment Entry", a magistrate does not have the authority to issue a judgment entry. See Civ.R. 53(D)(1) relating to procedural orders.

{¶6} On November 30, 2009, Michelle Salazar, the GAL, submitted a report and recommendation recommending, inter alia, that Frank and Melissa participate in shared parenting of the child, that the child reside with Frank during the school week, that the child attend Minster Schools, and that the child visit with Melissa on alternating weekends, one evening per week, and three Sundays per month. This report was submitted into evidence during the hearing on April 1, 2010.

{¶7} On December 8, 2009, Melissa filed a Settlement Statement proposing, inter alia, that she remain the residential parent; that Frank's visitation shall consist of every other weekend; that the prior decision regarding the Sunday scheduling be vacated; that there be no shared parenting as Frank does not participate in parent-teacher conferences, doctor's appointments, and is not cooperative or conversational with Melissa regarding the child's health concerns, behavioral issues, or extracurricular activities, or in the alternative, that shared parenting be allowed after Frank obtains counseling, shows interest in the child's health and education, and pays past medical expenses for the child.

{¶8} On December 16, 2009, the magistrate conducted an in camera interview of the child.

{¶9} On December 18, 2009, Frank filed a Shared Parenting Plan whereby, inter alia, Frank and Melissa would share the care, custody, and control of the child, the primary residence of the child would be with Frank, and the school district for the child would be Minster Schools.

{¶10} On March 31, 2010, Frank filed an Amendment to the Shared Parenting Plan to include, inter alia, that Melissa and the child are to continue counseling with Aaron Kuhn, their current counselor, and that Frank is to also attend counseling sessions and the child's medical appointments as deemed necessary.

{¶11} On April 1, 2010, the magistrate heard the case. On April 29, 2010 he issued his decision implementing the Shared Parenting Plan filed by Frank on December 18, 2009. The magistrate modified the Shared Parenting Plan by allowing, inter alia, Melissa two evening visits per week.

{¶12} On May 12, 2010, Melissa filed an Objection to the Magistrate's Decision and a Request to Supplement Objection to Magistrate's Report, stating:

> **[T]he depositions and transcripts have been filed timely, [and] the transcript of the hearing is now ordered. However, the Court Reporter indicates there is another case which has ordered a transcript and that one must be completed before the one in this case can be prepared.**

Request to Supplement Objection to Magistrate's Report, p. 1.

{¶13} On May 20, 2010, Frank filed a Motion for Extension of Time to Respond to Melissa's Objections. On May 24, 2010, the magistrate granted Frank 20 days from the filing date to respond.

{¶14} On July 28, 2010, the court reporter filed a Notice of Serving Transcript.

{¶15} On August 10, 2010, Frank filed a Motion to Dismiss Objections of Defendant and for an Order Affirming the Magistrate's Decision with a supporting memorandum.

{¶16} On August 11, 2010, the court reporter filed a Notice that the transcript of the April 1, 2010 proceedings had been filed with the magistrate and both Melissa and Frank's attorneys on August 9, 2010.

{¶17} On August 11, 2010, Melissa filed a Supplemented Objection to Magistrate's Decision, and on August 13, 2010, she filed a Motion to Dismiss Objections of Plaintiff with a supporting memorandum.

{¶18} On August 19, 2010, Stephen W. King filed an Entry of Appearance as an attorney for the child.

{¶19} On August 30, 2010, Frank filed a Response to Objections of Defendant to Magistrate's Report.

{¶20} On September 13, 2010, King filed a Request for an In Camera Interview of the child and a memorandum in support indicating that the child had changed her mind.

{¶21} On September 14, 2010, the trial court entered judgment as follows:

**The Shared Parenting Plan filed with this Court on December 18, 2009, as amended on March 31, 2010, is ordered into effect with the following exceptions: Plokhooy shall be entitled to visitation with Shelby two evenings per week from 5:00 P.M. to 8:00 P.M with those visitations to be arranged to not conflict with school or extracurricular activities of Shelby. The parents are to attend counseling sessions and medical appoints for Shelby as deemed necessary by those providers.**

(Decision/Order On Defendant's Objections To Magistrate's Decision, Docket No. 174.) The trial court ordered Plaintiff's counsel to prepare a judgment order entry in accordance with the decision, circulate it to opposing counsel, and file it with the court pursuant to local rules.

{¶22} On September 24, 2010, Melissa filed an Objection to Filing Judgment Entry/Shared Parenting Plan Decree as her counsel never approved the Shared Parenting Plan and it was filed outside of Local Rule 10. On this same day, the trial court filed the Judgment Entry of Shared Parenting.

{¶23} On September 30, 2010, King filed a Request to Add the Child as a Party, a Renewed Request for an In Camera Interview, and for a Stay of the Judgment as the child had decided she did not want her custody transferred to her

father, did not want to transfer schools, and that her initial preference to live with her father was prompted by her father.

**{¶24}** On October 1, 2010, Melissa filed a Motion to Modify Judgment Entry/Shared Parenting Decree, a Motion to Stay the Judgment Pending an Appeal, a Motion in Contempt, her affidavit, and a Notice of Appeal. The subsequent pleadings will not be addressed.

**{¶25}** On November 30, 2010, Melissa appealed the trial court's September 14, 2010 Judgment Entry, asserting the following assignments of error:

*Assignment of Error No. I*

**THE TRIAL COURT ERRED BY NOT READING THE TRIAL TRANSCRIPT WHICH WAS IN THE COURT'S POSSESSION PRIOR TO DETERMINING THE FACTS OF THE CASE AND THE COURT THEREBY DEPRIVED THE DEFENDANT OF DUE PROCESS OF LAW.**

*Assignment of Error No. II*

**TRIAL COURT FAILED TO CONSIDER THE DEPOSITION OF AARON KUHN, LICENSED COUNSELOR, WHICH WAS ADMITTED INTO EVIDENCE BY STIPULATIONS, YET NOT READ BY THE COURT.**

*Assignment of Error No. III*

**THE COURT ERRED IN NOT CONSIDERING APPLYING OHIO CIVIL RULE 53(D)(4)(B) TO CONDUCT AN IN CAMERA INTERVIEW WITH THE CHILD, UPON LEARNING THAT THE CHILD HAD INDEPENDENT LEGAL COUNSEL WHO REQUESTED THE COURT TO**

**TAKE ACTION ON PROTECTING THE CHILD WHO OPPOSED THE RECOMMENDATION OF THE GUARDIAN AD LITEM.**

*Assignment of Error No. IV*

**THE COURT ERRED WHEN IT FAILED TO REQUIRE THE GUARDIAN AD LITEM TO COMPLY WITH THE RULES OF SUPERINTENDENCE 48(D)(8) WHEREIN SHE FAILED TO REPORT THAT HER RECOMMENDATION WAS IN CONFLICT WITH THE WISHES OF THE CHILD AS WELL AS SUPERINTENDENCE 48(D)(1) BY NOT FILING AN UPDATED REPORT DURING THE FOUR MONTHS FOLLOWING THE DATE OF THE REPORT AND THE HEARING ON THE MERITS.**

{¶26} Due to the nature of Melissa's assignments of error we elect to address her third and fourth assignments of error together.

*Standard of Review*

{¶27} "The standard of review generally applied when reviewing a court's adoption of a magistrate's decision is abuse of discretion." *DeFrank-Jenne v. Pruitt*, 11th Dist. No. 2008-L-156, 2009-Ohio-1438, ¶8.

*Assignment of Error No. I*

{¶28} In her first assignment of error, Melissa contends that the trial court erred and deprived her of due process of the law when it failed to consider the transcript of the April 1, 2010 hearing before rendering its decision. We disagree.

{¶29} Frank argues that Melissa did not timely file the transcript or a motion for extension of time to file the transcript in accordance with Ohio Rules of Civil Procedure 53(D)(3)(b)(iii) and that the delay was prejudicial to the parties and the administration of justice. We agree.

{¶30} Ohio Rule of Civil Procedure 53(D)(3)(b)(iii) governs objections to magistrate's factual findings and requires, in pertinent part, that:

> **An objection to a factual finding, whether or not specifically designated as a finding of fact . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding**
>
> **\* \* \***
>
> **The objecting party shall file the transcript . . . with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.**

Civ.R. 53(D)(3)(b)(iii).

{¶31} On May 12, 2010, Melissa filed her Objections to the Magistrate's Decision and a Request to Supplement her Objections, stating:

> **While the depositions and transcripts have been filed timely, the transcript of the hearing is now ordered. However, the Court Reporter indicates there is another case which has ordered a transcript and that one must be completed before the one in this case can be prepared.**

\* \* \*

**Defendant asks leave of the [c]ourt so that upon completion of the transcript, Defendant may have a reasonable period of time before supplementing the Objections filed this date.**

(Docket No. 160). Melissa did not file a motion for an extension of time within which to file the transcript. On May 20, 2010, Frank filed a Motion for an Extension of Time to Respond to Melissa's Objections. The trial court granted Frank a 20-day extension on May 24, 2010. The transcript was filed August 9, 2010. (Docket No. 166). The trial court rendered its decision on September 14, 2010. As Melissa made no motion for an extension of time to file the transcript and the court made no ruling as to the request to supplement the objections, Melissa did not file the transcript in accordance with Civil Rule 53(D)(3)(b)(iii).[2] Further, Melissa took no action to follow-up with the court during the two and a half months that it apparently took to prepare the transcript. Therefore, we find that the trial court did not abuse its discretion in failing to consider the transcript.[3]

---

[2] Arguably, the request to supplement objections can be said to be in compliance with Civ.R. 53(D)(3)(b)(iii). Nonetheless, the trial court never extended the time in writing as required by the rule. Further, Melissa should have been aware that the court had not ruled and had ample opportunity to move the court to do so as the court subsequently extended Frank's time to respond.

[3] Further, Melissa argues that the trial court's failure to review the transcript was a denial of her due process rights. Melissa presented evidence at the hearing, which was heard by the magistrate. The failure of the trial court to read the transcript, which was not properly filed, does not deprive her of her opportunity to be heard. Assuming arguendo this constituted a due process violation, one cannot sit on one's rights and then argue that they have been violated.

See, also, *Dean v. Dean*, 12th Dist. No. 98-07-012, 1999 WL 211828; *Ludlow v. Ludlow*, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864.

**{¶32}** Accordingly, we overrule Melissa's first assignment of error.

*Assignment of Error No. II*

**{¶33}** In her second assignment of error, Melissa contends that the trial court erred in failing to consider the deposition of Aaron Kuhn ("Kuhn"), the licensed counselor, even though it was admitted into evidence by stipulation. Melissa highlights several of Kuhn's statements and characterizations of the parties as well as his opinion as to the best way to parent a child with Attention Deficit Disorder. She then states that the court erred in failing to consider this deposition before rendering a decision.

**{¶34}** Frank contends that this argument merely rephrases the argument in the first assignment of error and reasserts that the failure of the trial court to consider evidence that was contained in the transcript does not amount to an abuse of discretion.

**{¶35}** Initially, we note that the deposition of Kuhn was filed with the court on March 29, 2010. (Docket No. 155). We, therefore, give no weight to Frank's argument as it was not solely submitted as part of the transcript. Similarly, we give no weight to Melissa's argument as she fails to cite to any case law or statute

that supports her argument as required by App.R. 16(A)(7). We, therefore, disregard this assignment of error as allowed by App.R. 12(A)(2). *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109.

{¶36} Accordingly, we overrule Melissa's second assignment of error.

*Assignments of Error Nos. III & IV*

{¶37} In her third assignment of error, Melissa argues that the court erred in failing to conduct a second in camera interview with the child once the child retained independent legal counsel. Specifically, Melissa argues that the GAL failed to comply with the Ohio Rules of Superintendence 48(D)(8) by failing to request the court to resolve the conflict between the GAL's determination of the child's best interest and the child's wishes. Because of the conflict and of the error committed by the GAL, Melissa contends that the trial court erred in failing to conduct a second in camera interview.

{¶38} In her fourth assignment of error, Melissa argues that the court erred when it failed to order the GAL to comply with the Rules of Superintendence 48(D)(8) as the GAL failed to report that her recommendation was in conflict with the wishes of the child. Melissa also argues that the trial court erred when it failed to comply with the Rules of Superintendence and 48(D)(1) as the GAL did not

file an updated report during the four months following the date of the report and the hearing on the merits.

{¶39} Frank contends that there is no legal support for Melissa's argument that, because the child is now represented, she is entitled to a post-hearing opportunity to raise issues to the court. Further, Frank argues that the decision to hear additional evidence in a previously referred matter is discretionary pursuant to Rule of Civil Procedure 53(D)(4)(b) and further, that the court's refusal to conduct an in camera interview with the child was not prejudicial to Melissa as she had the option to reopen the case for a change of circumstance.

{¶40} As in the second assignment of error, Melissa provides no basis in case law or in statute to support her arguments in the third and fourth assignments of error. Rather, she cites the Rules of Superintendence. These rules do not have the same force as a statute or case law, but are rather purely internal housekeeping rules which do not create substantive rights in individuals or procedural law. *Allen v. Allen*, 11th Dist. No. 2009-T-0070, 2010-Ohio-475, citing *State v. Gettys* (1976), 49 Ohio App.2d 241, 243; *In re K.G.*, 9th Dist. No. 10CA0016, 2010 – Ohio-4399, citing *Sultaana v. Giant Eagle*, 8th Dist. No. 90294, 2008-Ohio-3658, ¶45, *State v. Porter* (1976), 49 Ohio App.2d 227, 230; *State v. Smith* (1976), 47

Ohio App.2d 317. Therefore, Melissa's third and fourth assignments of error do not allege any reversible error below.

**{¶41}** Accordingly, we overrule Melissa's third and fourth assignments of error.

**{¶42}** Although we hold that the trial court did not abuse its discretion and committed no reversible error in light of her assignments, we find that it did commit plain error and therefore reverse in part, as it failed to comply with R.C. 3109.04(D)(1)(a)(iii), which states:

> **If each parent makes a request in the parent's pleadings or files a motion but only one parent files a plan . . . the court in the best interest of the children may order the other parent to file a plan for shared parenting in accordance with division (G) of this section. The court shall review each plan filed to determine if any plan is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court *may approve* the plan. If the court determines that no filed plan is in the best interest of the children, the court *may order each parent to submit appropriate changes to the selected plan to meet the court's objections*. If changes to the plan or plans are submitted to meet the court's objections, and if any of the filed plans with the changes is in the best interest of the children, the court may approve the plan with the changes.**
>
> **\* \* \***
>
> **If the court approves a plan under this division, . . . the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial.**

-15-

R.C. 3109.04(D)(1)(a)(iii) (emphasis added).  Therefore, if a trial court objects to portions of a submitted shared parenting plan, it may request that the party file a modified shared parenting plan to address its concerns.  *Clark v. Clark*, 3d Dist. No. 14-06-56, 2007-Ohio-5771, ¶40, citing *Schattschneider v. Schattschneider,* 3d Dist. No. 2-06-24, 2007-Ohio-2273, ¶6, citing *DaSilva v. DaSilva,* 12th Dist. No. CA2004-06-127, 2005-Ohio-5475, ¶11; see also *McClain v. McClain* (1993), 87 Ohio App.3d 856, 857 ("A court may determine that one of the submitted plans is in the best interest of the children and adopt that plan verbatim.  Barring adoption of one of the submitted plans, however, a court may only make suggestions for modification of the plans to the parties.") (citations omitted).

**{¶43}** In the present case, the trial court ordered Frank's Shared Parenting Plan as amended into effect while making several exceptions.  (Decision/Order on Defendant's Objections to Magistrate's Decision, Docket No. 174).  The court then instructed Frank's counsel "to prepare a Judgment Order in accordance with this Decision, circulate [it] to opposing counsel, and then file [it] with the [c]ourt pursuant to the Local Rules." (Id.).  On September 24, 2010, the Judgment Entry/Shared Parenting Decree was filed. (Docket No. 177).

**{¶44}** This constitutes reversible error as the trial court did not comply with the mandates of the statute.  First, the trial court never explicitly determined that

the Shared Parenting Plan was in the best interest of the child. Second, assuming that the trial court did find that Frank's Shared Parenting Plan was in the child's best interest, it erred by failing to approve the plan. On the other hand, if the trial court found that no plan was in the child's best interest, it erred by failing to order each parent to submit appropriate changes to Frank's plan to meet its' objections. By ordering only Frank to draft and submit the judgment entry and then signing the judgment entry, the trial court fell short of satisfying the requirements of R.C. 3109.04(D)(1)(a)(iii). Lastly, the trial court did not enter into the record its findings of fact and conclusions of law when it approved the Shared Parenting Plan. Such procedure was clearly contrary to law, and therefore constituted plain error.

{¶45} Having found no error prejudicial to Melissa herein, in the particulars assigned and argued, but having found plain error prejudicial to Melissa, we affirm in part, reverse in part, and remand the judgment of the trial court for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**