OPINION
{¶ 1} Plaintiff-appellant, Claude Kayrouz, appeals the shared parenting order issued by the Butler County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Appellant and defendant-appellee, Ghassan "Tony" Kayrouz, were married in 2000 and have one daughter, Callie, born in December 2002. In February 2004, appellant filed a divorce complaint. The trial court issued a temporary order regarding the allocation of parental rights and responsibilities, and ordered both parties to submit shared parenting plans with regard to their daughter, which they did. On October 11, 2004, the magistrate adopted appellant's plan with some modifications. Ghassan filed objections to the magistrate's adoption of appellant's plan. On February 17, 2005, the trial court found that shared parenting was in the best interest of Callie but that neither plan was in the best interest of the child. The trial court rejected both plans and instead imposed its own plan, an alternate week schedule wherein the child spends one week at a time with each parent. On April 8, 2005, the court issued a divorce decree and a shared parenting decree with an attached shared parenting order reflecting the alternate week schedule. This appeal follows.
 {¶ 3} In a single assignment of error, appellant argues that the trial court violated R.C. 3109.04 when it created its own shared parenting plan. We agree.
 {¶ 4} As the outset, we note Ghassan's argument that appellant waived her right to argue the trial court's error on appeal because she failed to object to the trial court's decision. Ghassan's argument is misplaced. "The waiver provisions of [Civ.R. 53(E)(3)] apply to issues of fact or law the magistrate decided, and not to those that were decided by the court itself." Cleveland v. Lancaster, Greene App. No. 02CA0123, 2003-Ohio-4976, ¶ 16.
 {¶ 5} The procedure which a trial court must follow after both parties submit shared parenting plans is set forth in R.C.3109.04(D)(1)(a)(ii). If the trial court determines that one of the plans is in the best interest of the child, it may adopt it verbatim. Id. If, however, the court determines that neither plan is in the best interest of the child, the court "may order each parent to submit appropriate changes" to one or both plans, or "may select one of the filed plans and order each parent to submit appropriate changes to the selected plan[.]" Id. If the parties do not make appropriate changes, or if the court is not satisfied with the changes that are submitted following the court's suggestions for modification, then the court may deny the request for shared parenting and proceed as if the requests or motions for shared parenting had not been made. Id.
 {¶ 6} R.C. 3109.04(D)(1)(a)(ii) makes it clear that barring adoption of one of the submitted plans, a trial court may only make suggestions for modification of the plans to the parties.McClain v. McClain (1993), 87 Ohio App.3d 856, 857. The statute does not give the court authority to create its own shared parenting plan. Id. If a satisfactory plan is not filed with the court, the court shall not adopt any plan at all. Id., R.C.3109.04(D)(1)(b). See, also, Bowen v. Bowen (1999),132 Ohio App.3d 616, and Robbins v. Robbins (June 19, 1995), Brown App. No. CA94-09-011.
 {¶ 7} In the case at bar, the trial court found that neither plan was in the best interest of the child but failed to order either party to submit appropriate changes to their respective shared parenting plans. Instead, the trial court adopted its own shared parenting plan. Because the court-ordered plan was one of its creation and had not been submitted by either party, it was in violation of R.C. 3109.04(D)(1)(a)(ii) and (b). We therefore reverse the judgment of the trial court and remand this cause to the trial court with instructions to reconsider the proposed shared parenting plans submitted by both parties in compliance with R.C. 3109.04(D)(1)(a)(ii) and (b). Appellant's assignment of error is sustained.
 {¶ 8} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell, P.J., and Walsh, J., concur.