JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Kenneth D. Robinette ("appellant"), appeals the decisions of the Cuyahoga County Court of Common Pleas, Domestic Relations Division concerning issues of allocation of parental rights, temporary support, child support and division of property. For the reasons set forth below, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
 {¶ 2} Appellant and plaintiff-appellee, Karri Robinette ("appellee"), married in August of 1992. Their son, Douglas, was born on October 12, 1994. On August 9, 2002, appellant filed a divorce complaint. Thereafter, a magistrate conducted the trial of this matter on eight separate days: March 29, 2004; March 30, 2004; March 31, 2004; June 29, 2004; November 3, 2004; January 5, 2005; February 18, 2005; and February 25, 2005.
 {¶ 3} On July 19, 2005, the magistrate issued his decision which included findings of fact and conclusions of law. Both appellant and appellee filed timely objections to the Magistrate's Determination. On June 15, 2006, the trial court issued a Judgment Entry adopting the Magistrate's Determination in its entirety with a few modifications. One such modification concerned the property located at 10024 Burton Avenue, Bratenahl, Ohio. Other modifications pertained to medical coverage for the minor child, appellee resuming her maiden name, and distribution of the wedding rings. Additionally, the trial court created its own shared parenting plan and incorporated it into its Judgment Entry. *Page 4 
 {¶ 4} Appellant now appeals and asserts five assignments of error for our review. Appellant's first assignment of error states:
 {¶ 5} "The Trial Court Committed Error in Preparing its Own Shared Parenting Plan."
 {¶ 6} Within this assignment of error, appellant maintains that the trial court violated R.C. 3109.04 by creating its own shared parenting plan. On February 17, 2005, appellant requested shared parenting and submitted a plan to the court.[1] The court rejected appellant's proposed plan, and instead, created its own shared parenting plan, which was attached as an exhibit and incorporated by reference into its Judgment Entry dated June 15, 2006.
 {¶ 7} As a procedural matter, we note that R.C. 3109.04 governs the trial court's adoption of a shared parenting plan. DaSilva v.DaSilva, Butler App. No. CA2004-06-127, 2005-Ohio-5475. A trial court's application of this statute to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or *Page 5 
unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 8} When only one parent files a shared parenting plan, the trial court should follow the procedure prescribed in R.C.3109.04(D)(1)(a)(iii). DaSilva, supra; Shoemaker v. Shoemaker (Dec. 15, 2000), Knox App. No. 00CA13. Pursuant to this statute, the court must review the shared parenting plan and determine whether the plan is in the best interest of the child. Id. If it is, the trial court may adopt the plan verbatim. Id. If, however, the court finds the plan is not in the best interest of the child, the court may make suggestions for modifications to the plan. Id. Should the party fail to make the proposed changes, or the court is not satisfied with the changes submitted, the statute does not authorize the court to create its own shared parenting plan. Id.; see, also, Bowen v. Bowen (1999),132 Ohio App.3d 616, 641, 725 N.E.2d 1165 (finding court improperly created its own shared parenting plan when both parties submitted unsatisfactory proposals pursuant to R.C. 3109.04(D)(1)(a)(ii)); McClain v.McClain (1993), 87 Ohio App.3d 856, 857, 623, N.E.2d 242; Kayrouz v.Kayrouz, Butler App. No. CA2005-04-096, 2006-Ohio-149. Instead, if a satisfactory plan is not filed, the court should not adopt any plan at all. Id.
 {¶ 9} In the instant matter, the trial court created its own shared parenting plan. It did not adopt a proposed plan of one of the parties. Had the trial court been dissatisfied with appellant's proposed shared parenting plan, the court should not *Page 6 
have adopted any shared parenting plan at all. Accordingly, the trial court's shared parenting plan violated R.C. 3109.04(D)(1)(a)(iii). Appellant's first assignment of error is sustained and the trial court's judgment in this regard is reversed and remanded for proceedings consistent with this opinion.
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "The Trial Court Erred and Abused its Discretion in the Determination of Parental Rights and Responsibilities."
 {¶ 12} Appellant's third assignment of error states:
 {¶ 13} "The Trial Court Erred in its Determination of Temporary Support."
 {¶ 14} Appellant's fourth assignment of error states:
 {¶ 15} "The Trial Court Erred in its Determination of Child Support."
 {¶ 16} Appellant's arguments in his second, third and fourth assignments of error are contingent upon the trial court's determination of parental rights and responsibilities. As we have determined the trial court's creation of the shared parenting plan invalid, we decline to address these assignments of error as moot.
 {¶ 17} Appellant's fifth assignment of error states:
 {¶ 18} "The Trial Court Erred in the Division of Property."
 {¶ 19} As a procedural matter, we note that a reviewing court can only reverse a property division upon a showing that the trial court abused its discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. Abuse of *Page 7 
discretion occurs when the decision of the trial court is unreasonable, unconscionable or arbitrary. Id.
 {¶ 20} Within this assignment of error, appellant contends that the trial court's property division is an abuse of discretion. More specifically, appellant argues that the trial court erred in finding the property located at 10024 Burton Avenue in Bratenahl, Ohio ("Bratenahl property") marital property, rather than finding it appellant's separate property. We disagree.
 {¶ 21} R.C. 3105.171(A)(6)(a) defines "separate property" as "all real and personal property and any interest in real or personal property that is * * * acquired by one spouse prior to the date of the marriage." On the other hand, "marital property" is defined in R.C. 3105.171(A)(3)(a), which states in relevant part:
 {¶ 22} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."
 {¶ 23} "That being said, if commingled marital funds were used to pay the real estate's expenses, the real estate was properly considered marital property subject to an equitable division. It is axiomatic that `the commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.' (Emphasis added.) R.C. 3105.171 (A)(6)(b). See, also, Woods v. Woods (Apr. 7, 1995), 11th Dist. No. 93-G-1835. `The party attempting to prove that the asset is *Page 8 
traceable separate property must establish such tracing by a preponderance of the evidence.' Price v. Price, 11th Dist. No. 2000-G-2320, 2002-Ohio-299."
 {¶ 24} Osborn v. Osborn, Trumbull App. No. 2003-T-0111,2004-Ohio-6476.
 {¶ 25} In the instant matter, appellant failed to provide any evidence corroborating his claim that the Bratenahl property remained separate property throughout the parties' marriage. At trial, both parties agreed that appellant possessed the property prior to the marriage. Both parties, however, acknowledged that additional home equity debt was placed on the property to pay for marital financial obligations. Furthermore appellee testified that she made payments toward the mortgage on the property and that marital funds were used to pay for home improvements made to the property. While appellant denies such allegations, he, nevertheless, failed to present any evidence establishing an adequate trace of funds. "It was appellant's burden to trace the funds used to pay for the real estate and establish, by a preponderance of the evidence, that his separate property was not commingled with marital property." Osborn, supra. Accordingly, we find the trial court did not abuse its discretion in designating the Bratenahl property as marital property and dividing it equally among the parties. Appellant's argument in this regard is without merit.
 {¶ 26} Within this assignment of error, appellant also asserts that the trial court erred by failing to allocate the home equity line-of-credit upon the Bratenahl property as a marital debt and by conditioning the sale of the Bratenahl property upon *Page 9 
appellant assuming the entire debt associated with the property. A review of the trial court's judgment entry, however, indicates that while the court did adopt the Magistrate's Determination dated July 19, 2005 in its entirety, the court provided for a number of modifications to the Determination. One such modification declared the home equity line of credit on the Bratenahl property a marital debt, which should be divided equally between the two parties. Furthermore, the trial court provided that, should appellant buy out appellee's interest in the Bratenahl property, appellant would assume all debt less the division of the home equity line of credit. Accordingly, appellant's final assignment of error is without merit and the trial court's decision in this regard is affirmed.
 {¶ 27} For the foregoing reasons, the judgment of the trial court is reversed in part, affirmed in part and remanded for proceedings according to law and consistent with this opinion.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] On September 18, 2002, appellee filed a motion for adoption of shared parenting plan. She, however, withdrew her request for shared parenting during the trial of this matter and prior to the court's Judgment Entry. Accordingly, for purposes of addressing appellant's first assignment of error, we are concerned with only appellant's shared parenting plan. *Page 1