CENTRAL OHIO TRANSIT AUTHORITY, APPELLEE, *v.* TRANSPORT WORKERS UNION OF AMERICA, LOCAL 208, ET AL., APPELLANTS.

[Cite as Central Ohio Transit Auth. *v.* Transport Workers Union of America, Local 208 (1988), 37 Ohio St. 3d 56.]

(Nos. 87-655 and 87-854—Submitted March 8, 1988—Decided May 25, 1988.)

*Baker & Hostetler, John H. Burtch, Mark D. Senff* and *Mark A. Johnson,* for appellee.

*Çloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan,* for appellant Transport Workers Union of America, Local 208.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph M. Oser,* for appellant State Employment Relations Board.

*Porter, Wright, Morris & Arthur* and *Charles J. Kurtz III,* urging affirmance for *amicus curiae,* Ohio Public Transit Association, in case No. 87-655.

*Lucas, Prendergast, Albright, Gibson & Newman, Robert J. Walter* and *Rankin M. Gibson,* urging reversal for *amicus curiae,* Ohio Association of Public School Employees, AFSCME/AFL-CIO.

*Jon Ziegler,* urging reversal for *amicus curiae,* Ohio Education Association, in case No. 87-655.

*Leonard S. Sigall,* urging reversal for *amici curiae,* United Food & Commercial Workers Union, Locals 880, 954, 1059 and 1099, United Food & Commercial Workers International Union, AFL-CIO, in case No. 87-655.

*Benesch, Friedlander, Coplan & Aronoff* and *N. Victor Goodman,* urging reversal for *amici curiae,* AFSCME Ohio Council 8 and Ohio Civil Service Employees Association/ AFSCME, Local 11.

DOUGLAS, J. The central question presented to this court is whether R.C. 4117.16(A) violates the doctrine of separation of powers. We hold that it does not.

R.C. 4117.16(A) provides:

"Whenever the public employer believes that a lawful strike creates clear and present danger to the health or safety of the public, the public employer may petition the court of common pleas having jurisdiction over the parties to issue a temporary restraining order enjoining the strike. If the court finds probable cause to believe that the strike may be a clear and present danger to the public health or safety, it has jurisdiction to issue a temporary restraining order, not to exceed seventy-two hours, enjoining the strike.

"Should a court issue a temporary restraining order, the public employer shall immediately request authorization of the state employment relations

board to enjoin the strike beyond the effective period of the temporary restraining order. The board shall determine within the effective period of the temporary restraining order whether the strike creates a clear and present danger to the health or safety of the public.

"If the board finds that a clear and present danger exists, the common pleas court which issued the temporary restraining order has jurisdiction to issue orders to further enjoin the strike. However, the court shall make provisions in any injunction or other order issued beyond the temporary restraining order for the automatic termination of the injunction or other order at the end of sixty days following the end of the temporary restraining order or when an agreement is reached, whichever occurs first. Thereafter, no court has jurisdiction to issue any further injunction or other orders pursuant to this section. The order of the court is appealable as provided in the Appellate Rules."

In case No. 87-655, the court of appeals held that the legislature's delegation to SERB of the authority outlined in the above statute constitutes a violation of the doctrine of separation of powers. In so holding, the court of appeals relied exclusively upon this court's holding in *South Euclid* v. *Jemison* (1986), 28 Ohio St. 3d 157, 28 OBR 250, 503 N.E. 2d 136. However, we believe that *Jemison* is distinguishable from the case before us today.

In *Jemison,* this court struck down as unconstitutional certain portions of Ohio's "financial responsibility" law, R.C. 4509.101. The *Jemison* court held that R.C. 4509.101 impermissibly provided for an appeal of a trial court's decision to the Registrar of Motor Vehicles. *Id.* at syllabus. We agree with the court of appeals' holding in the case at bar that R.C. 4117.16(A)

contains no such infirmity, since the hearing before SERB after the trial court's initial determination of probable cause does not constitute an "appeal" of that determination.

However, the court of appeals found that R.C. 4117.16(A) violates the separation of powers doctrine as set forth in *Jemison* by reducing the court of common pleas to a mere agent of SERB. The appellate court condemned what it perceived to be SERB's encroachment on areas exclusively reserved to the judiciary and the investment in that agency of the power either to bestow jurisdiction on a court or to withhold it. Our perception of R.C. 4117.16(A) is somewhat different. We first address the issue of SERB's alleged control over the jurisdiction of the court of common pleas.

Section 4(B), Article IV of the Ohio Constitution provides:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law.*" (Emphasis added.)

It can be seen from the clear language of this constitutional provision that the jurisdiction of the common pleas courts is limited to whatever the legislature may choose to bestow. *State, ex rel. Miller,* v. *Keefe* (1958), 168 Ohio St. 234, 6 O.O. 2d 18, 152 N.E. 2d 113, paragraph one of the syllabus. The courts of common pleas were established by the Ohio Constitution as courts of general original jurisdiction in Ohio, but the Constitution itself limits their jurisdiction to that which is expressly conferred by the General Assembly. *Seventh Urban, Inc.* v. *University Circle Property Development, Inc.* (1981), 67 Ohio St. 2d 19, 22-23, 21 O.O. 3d 12, 14, 423 N.E. 2d 1070, 1073.

With regard to the issuance of orders enjoining lawful strikes by public employees, the legislature has seen fit to limit the jurisdiction of common pleas courts in the manner set forth in R.C. 4117.16(A). Appellee COTA argues that R.C. 4117.16(A) impermissibly grants to an administrative agency the authority to control a court's jurisdiction. This argument entirely misapprehends the statute. As aptly explained by AFSCME and OCSEA in their *amici* brief to this court, *it is the legislature,* not SERB, that is controlling the court's jurisdiction by its enactment of R.C. 4117.16 (A). The General Assembly has the incontrovertible authority to condition the court's jurisdiction on a finding of an administrative agency. This authority has been utilized in similar ways in other areas. For example, the jurisdiction of the common pleas court to entertain an appeal from an order of the Industrial Commission is restricted to those cases where the commission or its staff hearing officer makes a finding other than on the extent of disability. R.C. 4123.519. The legislature's authority to make such limitations has long been recognized. *Indus. Comm.* v. *Monroe* (1924), 111 Ohio St. 812, 146 N.E. 213.

By proceeding to entertain COTA's motion for injunctive relief after SERB had issued a finding that the strike did not pose a clear and present danger to the public health or safety, the trial court in this case attempted to exert jurisdiction which had been withheld by the legislature. R.C. 4117.16(A) clearly provides that the court of common pleas, after its initial issuance of a seventy-two-hour restraining order, is empowered to act further *only* in the event SERB determines that a clear and present danger exists. Once SERB issues a finding that no such danger is present, the trial court is absolutely without authority to proceed in any manner. Thus, the trial court's exercise of jurisdiction subsequent to SERB's negative finding in the instant cause is void in its entirety.

We are similarly unpersuaded by the contention that R.C. 4117.16(A) reduces the trial court to the status of an agent of SERB in violation of the doctrine of separation of powers. The court of appeals held that the statute "* * * makes the court an agent of SERB to issue a further restraining order upon a SERB finding of a clear and present danger without granting the court any power to determine differently or to review the SERB finding." The fact that SERB's determination is unreviewable by the trial court is not fatal or even unique. As explained *supra,* an order by the Industrial Commission concerning the extent of disability may not be reviewed by the common pleas court under R.C. 4123.519. Nor is the court's role herein after a finding by SERB of clear and present danger merely ministerial in nature. Under the express terms of the statute, the court "has jurisdiction to issue orders to further enjoin the strike." The statute does not direct the court to issue any particular order. The only limitation on the court's exercise of its injunctive powers is that no injunction may issue which has a term longer than sixty days, and it is the legislature, not SERB, that imposes this restriction.

COTA contends that if SERB's finding under R.C. 4117.16(A) is not reviewable by the common pleas court, then SERB's determination is completely shielded from meaningful judicial scrutiny. The union argues that an action in mandamus in the court of appeals would be available to test the validity of a SERB finding. The availability of mandamus under these

facts is not properly at issue in this case, and we decline to address the question without the benefit of full briefing by the parties.

The General Assembly enacted R.C. Chapter 4117, the Public Employees' Collective Bargaining Act, in an effort to establish a comprehensive scheme to facilitate the orderly resolution of labor disputes involving public employees. *State, ex rel. Dayton Fraternal Order of Police Lodge No. 44,* v. *State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 4-5, 22 OBR 1, 3-4, 488 N.E. 2d 181, 184. To date, the Act has enjoyed remarkable success in dramatically reducing public-sector work stoppages by providing a sophisticated framework for peaceful and rational dispute resolution. Sharpe & Tawil, Fact-Finding in Ohio: Advancing the Role of Rationality in Public Sector Collective Bargaining (1987), 18 U. Tol. L. Rev. 283, 300-302. While the success of the Act can have no bearing on its constitutional validity, this court is reminded thereby of the wisdom underlying the doctrine of separation of powers. Each of the three branches of government has certain functions unique to that branch which may not be controlled or affected by the others. *State, ex rel. Bryant,* v. *Akron Metro. Park Dist. for Summit Cty.* (1929), 120 Ohio St. 464, 473, 166 N.E. 407, 410. The Ohio Constitution contains a broad grant of authority to the legislature to provide for the "comfort, health, safety and general welfare of all employes," and further declares that no other constitutional provision shall impair or limit that authority. Section 34, Article II, Ohio Constitution. By refusing to interfere in the legislature's exercise of its prerogative in this area, this court upholds the doctrine of separation of powers by preserving the integrity of the legislative function. It is also for this reason that courts are required to presume the constitutionality of legislative enactments. *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 148, 57 O.O. 134, 137, 128 N.E. 2d 59, 63. This presumption, which can be overcome only in the most extreme cases, works to protect the domain of the legislature from encroachment by the judiciary. *Id.*

Additionally, there is a substantial public policy underlying the legislature's decision to grant SERB the authority to make a final determination on whether a strike creates a clear and present danger to the public health or safety. This exclusive authority promotes a uniform, state-wide standard by one reviewing body as to what constitutes a clear and present danger, rather than permitting that determination to be made by eighty-eight separate courts of common pleas. It is not inconceivable that a Franklin County common pleas judge's perception of what constitutes a threat to public health or safety may differ greatly from that of a Cuyahoga County common pleas judge.

Accordingly, in case No. 87-655, we hold that R.C. 4117.16(A) is not violative of the doctrine of separation of powers. The statute does not authorize SERB to review a prior determination of the court of common pleas, nor does it empower SERB to control or impede the court's jurisdiction. Under R.C. 4117.16(A), the court of common pleas is without jurisdiction over a strike by public employees after SERB has determined pursuant to that statute that the strike does not pose a clear and present danger to the public health or safety.

With regard to case No. 87-854, today's holding must result in a reversal of the judgment of the court of appeals. In that case, the appellate court upheld the trial court's decision on re-

mand finding that the strike posed a clear and present danger to the public health and safety, and enjoining the strike for an additional sixty days. Under R.C. 4117.16(A), which we uphold today, the trial court had no jurisdiction to make any determination whatsoever, since SERB had previously found that no such clear and present danger existed. Thus, the judgment of the trial court was void.

Therefore, in accordance with the foregoing, the judgments of the court of appeals in case Nos. 87-655 and 87-854 are reversed.

*Judgments reversed.*

SWEENEY and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in paragraphs one and two of the syllabus and in the judgment.

MOYER, C.J., and HOLMES, J., dissent.

WRIGHT, J., concurring in paragraphs one and two of the syllabus and in the judgment. I concur in the result announced in the lead opinion but entertain reservations as to certain aspects thereof. The General Assembly has no authority to modify the jurisdiction of this court or the courts of appeals. See Sections 2 and 3, Article IV of the Ohio Constitution. However, Section 4(B), Article IV of the Ohio Constitution states in pertinent part that:

"The courts of common pleas * * * shall have such original jurisdiction over all justiciable matters and such powers of review * * * as may be provided by law."

It is clear to me that the courts of common pleas possess only that jurisdiction explicitly conferred on them by the Ohio General Assembly. This is settled law beyond doubt. See, *e.g., State, ex rel. Miller,* v. *Keefe* (1958), 168 Ohio St. 234, 6 O.O. 2d 18, 152 N.E. 2d 113; *Seventh Urban, Inc.* v. *University Circle Property Development, Inc.* (1981), 67 Ohio St. 2d 19, 21 O.O. 3d 12, 423 N.E. 2d 1070.

The repeal of the Ferguson Act (former R.C. Chapter 4117) and the enactment of the Public Employees' Collective Bargaining Act (current R.C. Chapter 4117) obviously limit the jurisdiction of this state's courts of common pleas over most labor disputes between public entities and their employees.

With the stated purpose of resolving labor disputes in the public sector, the General Assembly vested the authority to administer the Act upon the State Employment Relations Board. I presume that SERB, like a variety of other administrative agencies, has the expertise to fulfill its statutory mandate. I simply do not perceive the alleged violation of the separation of powers doctrine noted by the court of appeals, and I concur with Justice Douglas' analysis of this problem.

I would observe that the common pleas courts have not been relegated to an adjunct of SERB by the Act. In point of fact, the trial courts are not required to perform any act at the behest of SERB. They have the power to issue restraining orders and grant injunctive relief with respect to public employees other than those identified in R.C. 4117.15, *i.e.,* public employees who may continue to be proscribed from taking strike action. The Act does limit such orders to very restrictive time frames. R.C. 4117.16. However, I would stress that it was the General Assembly, not SERB, that placed these limitations on the courts of common pleas. This, the General Assembly has the right to do.

To the extent that the lead opinion

suggests that those employees enumerated and described in R.C. 4117.15 have the right to strike and are not subject to the equitable jurisdiction of the courts of common pleas, I disagree with same. Likewise, I cannot accept the suggestion implicit in the lead opinion that every aspect of the Act will pass constitutional muster under the aegis of Section 34, Article II of the Ohio Constitution.[3]

I agree with Justice Douglas that the legislative treatment of this matter is little different from the General Assembly's broad grants of power to the Industrial Commission in times past and more recently when it adopted R.C. 4123.519, which restricts appeals from some Industrial Commission orders. See, also, R.C. 4121.80, which restricts the jurisdiction of the common pleas courts with respect to intentional torts occurring in the workplace.

The briefing materials filed by several of the parties and *amici curiae* indulge in all manner of discourse pro and con with respect to the wisdom of the Act. I would note that it is not the function of the courts to decide constitutional cases on the basis of its members' personal views. This court must give the laws enacted by our elected representatives every intendment of constitutionality. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 61, 4 OBR 150, 151, 446 N.E. 2d 449, 450; *State, ex rel. Taft,* v. *Campanella* (1977), 50 Ohio St. 2d 242, 246, 4 O.O. 3d 423, 425, 364 N.E. 2d 21, 24. If, as pointed out by Justice Douglas, the Act has enjoyed success in this area, so much the better. However, I agree that the popularity of a piece of legislation is not a proper criterion for constitutional consideration. In this case,

---

[3] See 17 Ohio Jurisprudence 3d (1980) 29, Constitutional Law, Section 506.

we have correctly deferred to the collective wisdom of the General Assembly.

LOCHER, J., concurs in the foregoing opinion.

HOLMES, J., dissenting. Because the majority has misconstrued the authority delegated to the State Employment Relations Board by the General Assembly in R.C. 4117.16(A) and, in its desire to reach the stated result, has ignored prior decisions of this court in analyzing the doctrine of separation of powers, I must respectfully dissent. R.C. 4117.16(A) unconstitutionally delegates legislative power to define the jurisdiction of common pleas courts to an administrative board whose discretion is neither guided by an intelligible standard nor subject to effective judicial review.

The presumption that all statutes are enacted in compliance with the United States and Ohio Constitutions, R.C. 1.47(A); *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E. 2d 59, is but the starting point in any statutory analysis. This presumption of constitutionality is a doctrine of deference to legislative authority, not a doctrine of justification to shield the legislature from constitutional review, exalting legislatively enunciated public policy over essential constitutional principles.

"The Constitution of Ohio has delegated to the General Assembly the legislative authority of this state. This authority is only subject to the express limitations found in the Constitution itself and the implied limitation that it must fall within the scope of legislative authority, as distinguished from judicial and executive authority conferred upon other departments. Except for the provisions relating to the initiative and referendum, all legislative author-

ity of the state must be exercised by the General Assembly alone.

"The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others." *State, ex rel. Bryant,* v. *Akron Metro. Park Dist.* (1929), 120 Ohio St. 464, 473, 166 N.E. 407, 410. See, also, *Fairview* v. *Giffee* (1905), 73 Ohio St. 183, 187, 76 N.E. 865, 866; *South Euclid* v. *Jemison* (1986), 28 Ohio St. 3d 157, 28 OBR 250, 503 N.E. 2d 136. To permit the accumulation of powers in any one branch is, in the words of James Madison, " 'the very definition of tyranny.' " *State, ex rel. Bryant, supra,* at 473, 166 N.E. at 410.

Our Constitution vests the judicial power solely in the courts, Section 1, Article IV; *State, ex rel.,* v. *Harmon* (1877), 31 Ohio St. 250, including the power to enjoin unlawful acts, *Putnam* v. *Valentine* (1831), 5 Ohio 187, syllabus. However, as noted by the majority, the power to define the jurisdiction of the courts, particularly here the courts of common pleas, is vested in the General Assembly. Section 4, Article IV, Ohio Constitution. It is conceivable, then, that the legislature, in enacting R.C. 4117.16, could have divested the court of common pleas of jurisdiction over strikes by public employees, wholly preventing the court from exercising its injunctive powers in that area. This it did not do. Nor did the legislature grant SERB the power to enjoin such actions. This it could not

do, as to do so would grant to an administrative body a power reserved for the judiciary.

Instead, the General Assembly chose to grant the common pleas court, in principle, injunctive jurisdiction over public employee strikes. However, the legislature conditioned such jurisdiction on an administrative finding of "clear and present danger." R.C. 4117.16(A). Essentially, the legislature has "defined" the court's jurisdiction as existing whenever a board, made up of three members appointed by the Governor with the advice and consent of the Senate, R.C. 4117.02(A), determines on a case-by-case basis that the court should be able to act. The majority's claim that it is the legislature and not SERB which is actually controlling the court's jurisdiction is astounding when it is additionally considered that the board's standard ("clear and present danger to the health or safety of the public") in making its determination requires no unique administrative expertise, and that the board, in the event of a negative determination, is accountable not to an independent judiciary and not to the legislature, but solely to the Governor, who, of course, has no power to overrule a particular decision. The majority, without citation to authority, makes the broad claim that the legislature "has the incontrovertible authority to condition the court's jurisdiction on a finding of an administrative agency." The majority's lone example in support of this claim is the scheme provided for appeal of orders by the Industrial Commission. R.C. 4123.519.

R.C. 4117.16(A) and 4123.519 share absolutely no salient characteristics. R.C. 4123.519,[4] of course, deals

---

[4] R.C. 4123.519 provides, in pertinent part:

"The claimant or the employer may ap-

peal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the

with the common pleas court's appellate jurisdiction to review the proceedings of administrative agencies, granted in Section 4(B), Article IV of the Ohio Constitution. Most importantly, jurisdiction of the court is not conditioned in any procedural way by any action of the Industrial Commission. The legislature determined that decisions as to the extent of disability are *never* appealable, regardless of the outcome, and all other decisions are *always* appealable. The Industrial Commission does not "control" the court's appellate jurisdiction, except tangentially, by the exercise of its discretion. In R.C. 4123.519, the legislature directly defined the court's jurisdiction to exclude certain types of decisions, not certain types of outcomes beyond the legislature's control.

R.C. 4117.16(A), on the other hand, deals with the court's original jurisdiction to issue injunctions. The determination made by SERB is not necessarily a final one affecting individual rights, but is preliminary to a determination of those rights (to strike) by the court. In one case, SERB will determine no clear and present danger exists, and the court will be without power to exercise its jurisdiction. In another case, clear and present danger will be found by SERB, granting the court jurisdiction. But the statute is unclear as to the effect of a positive SERB determination. Is the court permitted to redetermine the "clear and present danger" issue—a normal part of its injunctive function? If so, SERB's determination is a redundant formality, devoid of function. Alternatively, due to the time constraints

imposed by the seventy-two-hour temporary restraining order, must the court assume the correctness of SERB's finding, in which case it is *required* "to issue orders to further enjoin the strike"? If so, the court is nothing but the *de facto* agent of SERB, being bound by its unreviewable determination. The "discretion" granted the court to enter an injunction for any period of time up to sixty days does nothing to alleviate this unconstitutional encroachment on judicial power.

Having stated the foregoing, I am not of the opinion that the legislature is prohibited from delegating certain of its powers, possibly even its authority over the jurisdiction of the courts of common pleas, to administrative agencies in all cases. "Although the General Assembly is precluded from delegating its legislative function, this court has consistently recognized that the General Assembly can delegate discretionary functions to administrative bodies or offices so that they can apply the law to various sets of facts or circumstances." *Blue Cross* v. *Ratchford* (1980), 64 Ohio St. 2d 256, 259, 18 O.O. 3d 450, 452, 416 N.E. 2d 614, 617. Any such delegation of authority must, however, be accompanied by certain safeguards. In *Ratchford,* this court held in the syllabus: "A statute does not unconstitutionally delegate legislative power if it establishes, through legislative policy and such standards as are practical, an intelligible principle to which the administrative officer or body must conform and further establishes a procedure whereby exercise of the discretion can be reviewed effec-

---

Revised Code in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state * * *." (Emphasis added.)

tively." R.C. 4117.16(A) contains neither of these safeguards.

The fact that the "clear and present danger" standard established to guide SERB is not at all intelligible is most evident from the varying constructions given that phrase in both lower courts and the agency itself. Moreover, these terms were not defined by the General Assembly, compelling SERB to define them in a given case. The majority surmises that statewide uniformity in applying this standard is encouraged by giving the task to an unchecked political body which is neither bound internally by the doctrine of *stare decisis* nor subject to external judicial review of such standard. The statutory scheme contains no guarantee that SERB will not continually redefine its "clear and present danger" standard to meet the circumstances of a given case. The judiciary, including the eighty-eight separate courts of common pleas the majority seems somehow concerned about, is better equipped to ensure, by the process of appeal, the removal of local inconsistencies and provide the uniform, intelligible principle sought after. The present statute permits the jurisdiction of courts of common pleas to be decided piecemeal, case by case, on the basis of a shifting, unintelligible standard to which SERB need not consistently conform. "This court has held again and again that matters relating to the jurisdiction of courts of common pleas in the several counties must be uniform throughout the state. Matters dealing with the procedure under that jurisdiction must be equally uniform * * *." *Andrews* v. *State, ex rel. Henry* (1922), 104 Ohio St. 384, 388, 135 N.E. 655, 656.

Finally, and most importantly, R.C. 4117.16(A) fails to provide *any* procedure whereby the exercise of SERB's discretion can be effectively reviewed. Furthermore, no other effective avenue of appeal is available. An appeal pursuant to R.C. Chapter 119 does not lie here, as such appeals are available only to "any party adversely affected *by any order of an agency issued pursuant to any * * * adjudication*" (emphasis added) other than orders concerning licenses. R.C. 119.12. As previously mentioned, the determination made by SERB under R.C. 4117.16(A) is not an "order," but is a preliminary determination. Furthermore, despite the majority's sidestep of this crucial element in the statute's analysis, an action in mandamus will not lie to control SERB's discretion. R.C. 2731.03 provides:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

See, also, *State, ex rel. Ohio Council 8,* v. *Spellacy* (1985), 17 Ohio St. 3d 112, 17 OBR 260, 478 N.E. 2d 229; *State, ex rel. Luckhaupt,* v. *McClelland* (1949), 151 Ohio St. 17, 38 O.O. 483, 84 N.E. 2d 275. The availability of mandamus, or any other method of review of SERB's determination under R.C. 4117.16(A), is properly at issue herein, as such availability of meaningful review is vital to the constitutionality of the statute.

The above portions of R.C. 4117.16 (A) constitute an unconstitutional delegation of legislative authority, following the standards set forth in *Blue Cross* v. *Ratchford, supra.* I would further hold that the offensive portions of the statute are severable, pursuant to R.C. 1.50 and *Geiger* v. *Geiger* (1927), 117 Ohio St. 451, 160 N.E. 28, and would uphold the action taken by the trial court below, thus affirming the court of appeals in each case below. R.C. 4117.16 was but a

part of the sweeping emergency legislation known as S.B. No. 133, hastily enacted to provide collective bargaining for public employees.[5] It devolves upon the judiciary to examine those enactments when challenged as unconstitutional with a disinterested, deliberate resolve, and not with equal haste. I therefore respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

[5] S.B. No. 133 was introduced in the Senate on March 18, 1983 and signed into law on July 6, 1983. During this three-and-one-half-month span, almost two hundred changes were made in its wording. O'Reilly, Ohio Public Employee Collective Bargaining (1984) 7-9.