OPINION
{¶ 1} Defendant-appellant, Martha DaSilva, appeals the shared parenting order issued by the Butler County Court of Common Pleas, Domestic Relations Division. We reverse.
 {¶ 2} Appellant and plaintiff-appellee, Paulo DaSilva, were married in June 1998. Their son, Kristian, was born on July 17, 2002. On August 8, 2003, appellee filed a divorce complaint. A trial was held on May 4, 2004.
 {¶ 3} The trial court resolved the issue of the allocation of parental rights and responsibilities among other issues. Both parties sought shared parenting. Appellant, however, was the only party to submit a proposed shared parenting plan. Her plan sought designation of herself as residential parent for school purposes and for her son to reside with her at all times. Appellant's plan included parenting time for appellee with Kristian on every other weekend, each Wednesday evening, and from 5:00 p.m. to 6:30 p.m. Monday through Thursday.
 {¶ 4} The trial court found that shared parenting was in the best interest of the child. The court rejected appellant's plan and instead imposed an alternate week schedule wherein the child spends one week at a time with each parent. The parent with whom he is not staying receives additional parenting time on Monday evenings.
 {¶ 5} On May 28, the court issued a divorce decree and a shared parenting decree with an attached shared parenting order reflecting the alternate week schedule.
 {¶ 6} Appellant now appeals raising three assignments of error. Because the resolution of the third assignment of error is dispositive, we shall address appellant's assignments of error out of order.
 {¶ 7} Assignment of Error No. 3:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT MODIFIED APPELLANT'S PROPOSED SHARED PARENTING PLAN WITHOUT ORDERING APPELLANT TO MAKE CHANGES TO THAT PLAN."
 {¶ 9} Appellant argues in her third assignment of error that the trial court violated R.C. 3109.04 when the court created its own shared parenting plan. We agree.
 {¶ 10} The approval of a shared parenting plan under R.C.3109.04(D)(1)(a)(ii) or (iii) is discretionary with the trial court. R.C. 3109.04(D)(1)(b). Thus a trial court's decision in this regard will be reversed only upon a showing of an abuse of the trial court's discretion. See Evans v. Evans (1995), 106 Ohio App.3d 673. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} The procedure for a trial court's adoption of a shared parenting plan when only one parent files a plan is set forth in R.C.3109.04(D)(1)(a)(iii). A court shall review the plan to determine if the plan is in the best interest of the child and may approve the plan accordingly. R.C 3109(D)(1)(a)(iii). If, however, the court determines the plan is not in the best interest of the child, the court may request a party to make appropriate changes to address the court's objections. Id. Should the changes still not satisfy the court, the court may proceed as if the requests or the motions for shared parenting had not been made. The statute does not give the court authority to create its own shared parenting plan. See Bowen v. Bowen (1999), 132 Ohio App.3d 616,641 (finding court improperly created a shared parenting plan when both parties submitted proposals in accordance to R.C. 3109.04[D][1][a][ii]); see, also, Shoemaker v. Shoemaker (Dec. 15, 2000), Knox App. No. 00CA13 (court-created shared parenting plan violated R.C. 3109.04[D][1][a][iii]). If the court does not determine that any filed plan is in the best interest of the child, the court shall not approve any plan. R.C.3109.04(D)(1)(b).
 {¶ 12} In the case at bar, the court-ordered plan was one of its own creation and was not submitted by either party. The court possessed the authority to ask appellant to resubmit a plan with appropriate changes. If the plan remained unsatisfactory, the court may have proceeded as if the requests for shared parenting had not been made. However, the court cannot create its own shared parenting plan. Thus the court violated the express procedures set forth in R.C. 3109.04(D)(1)(a)(iii). Appellant's third assignment of error is sustained.
 {¶ 13} Assignment of Error No. 1:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED A SHARED PARENTING PLAN THAT REQUIRED THE PARTIES' CHILD TO BE SHUTTLED FROM HOUSE TO HOUSE ON A WEEK-TO-WEEK BASIS."
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADOPTED A SHARED PARENTING PLAN BECAUSE OF THE PARTIES' INABILITY TO COMMUNICATE."
 {¶ 17} Appellant's first and second assignments of error have been rendered moot by the disposition of appellant's third assignment of error. Consequently, we need not decide them. See App.R. 12(A)(1)(c).
 {¶ 18} Judgment reversed.
POWELL, P.J., and YOUNG, J., concur.