O’Donnell, J.,
concurring.
{¶ 18} Lest any reader be confused by the analysis offered in the dissenting opinions filed here, this is not a home-rule analysis case.
{¶ 19} Rather, the simple holding of this case involves an interpretation that the phrase “general welfare of all employes,” as set forth in Section 34, Article II of the Ohio Constitution, authorizing the legislature to enact laws relating to “hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employes,” includes restrictions on where employees may reside as a condition of employment. Nothing more. It is neither an expansion of language nor an undercutting of dual sovereignty.
{¶ 20} For more than two decades, this court has held this section of the Ohio Constitution to be a broad grant of legislative authority. Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ. (1999), 87 Ohio St.3d 55, 61, 717 N.E.2d 286; see also Rocky River v. State Emp. Relations Bd. (1989), 43 Ohio St.3d 1, 41, 539 N.E.2d 103; Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208 (1988), 37 Ohio St.3d 56, 62, 524 N.E.2d 151.
{¶ 21} Nothing in Ohioans for Concealed Carry, Inc. v. Clyde, 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, suggests anything unusual about future home-rule cases. In Clyde, we applied our widely recognized, three-step home-rule analysis and concluded that the city’s ordinance, banning concealed handguns in city parks, was unconstitutional because it constituted an exercise of police power that conflicted with a general state law. Id. at ¶ 1.
{¶ 22} Moreover, despite any claims to the contrary, we have applied the same three-step home-rule analysis utilized in Clyde to uphold the valid exercise of home-rule authority by municipalities. See, e.g., Mendenhall v. Akron, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, syllabus (“An Ohio municipality does not exceed its home rule authority when it creates an automated system for enforce *161 ment of traffic laws that imposes civil liability upon violators, provided that the municipality does not alter statewide traffic regulations”); Canton v. State, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963 (holding that portions of R.C. 3781.184 were not “general laws” and therefore violated the Home Rule Amendment when they prevented political subdivisions from prohibiting or restricting the location of manufactured homes in any zone or district in which a single-family home is permitted, but permitted private landowners to incorporate such prohibitions in restrictive covenants). Thus, despite claims to the contrary, constitutional home-rule authority retains its vitality in Ohio.
Pfeifer, Lundberg Stratton, and Cupp, JJ., concur in the foregoing opinion.