[Cite as *Holden v. Holden*, 2016-Ohio-5557.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| JEREMY MATTHEW HOLDEN, | : | CASE NO. CA2015-07-016 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>8/29/2016 |
| - vs - | : | |
| | : | |
| MINDY MICHELE HOLDEN, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 20120894


Croswell & Adams Co., L.P.A., Gregory L. Adams, 1208 Sycamore Street, Cincinnati, Ohio 45202, for plaintiff-appellant

Fred Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellee


**HENDRICKSON, J.**

{¶ 1} Plaintiff-appellant, Jeremy Matthew Holden ("Father"), appeals from the final decree of divorce entered by the Brown County Court of Common Pleas, Domestic Relations Division, raising issues related to the adoption of a shared parenting plan and the court's reservation of jurisdiction over hidden marital funds. For the reasons set forth below, we reverse the judgment of the trial court and remand the matter for further proceedings.

## I. FACTS

{¶ 2}   Father and Mindy Michele Holden ("Mother") were married on June 9, 2001, and two children were born issue of the marriage, to wit: a daughter, born in February 2004, and a son, born in November 2005.  Father filed a complaint for divorce in September 2012, and sought shared parenting of the children.  Father filed a proposed shared parenting plan on October 30, 2012.  Mother did not file a proposed shared parenting plan.

{¶ 3}   A final hearing on the divorce complaint was held on June 6, 2013, August 27, 2013, September 5, 2013, and October 8, 2013.  At the final hearing, the parties both alleged that the other party had removed and concealed marital funds.  Mother alleged Father removed approximately $24,000 from the parties' joint account between June 14, 2011 and September 4, 2012, and hid the funds with the assistance of his mother.  In turn, Father accused Mother of improperly removing funds from their joint account.  Both parties, however, testified that any funds removed from their joint account had been used for living expenses or the payment of marital bills.

{¶ 4}   On December 13, 2013, the magistrate issued a decision recommending that a divorce be granted and that the parties' marital debts and assets be divided equally.  With respect to the alleged "hidden" marital funds, the magistrate stated the following:

> [B]oth parties have alleged that the other party removed marital funds from their joint bank accounts.  * * *
>
> Based upon all of the evidence and testimony presented, the Court finds that both parties withdrew funds from joint marital accounts right at the time of the filing of the divorce or prior to the filing of the divorce and used the said funds for living expenses and/or the payment of marital bills.  It is therefore recommended that that [sic] neither party shall owe the other any reimbursement for any alleged funds taken from the parties' joint marital accounts prior to the filing of the divorce complaint.  It is further recommended that the Court shall reserve jurisdiction in the event that either party comes into any newly discovered evidence not available at the time of this trial which purports to show that either party is indeed hiding marital joint funds from the

other party and upon proof of the same shall be subject to further division by this Court.

{¶ 5} In its decision, the magistrate also found it was in the parties' children's best interest for the parties to have shared parenting. The magistrate recommended that Father's shared parenting plan be adopted "with modifications being made to the said plan by this Court and as otherwise set forth in the Magistrate's Decision." The magistrate crossed out various provisions of Father's shared parenting plan that he did not agree with and substituted his own provisions in their place. Among the changes the magistrate made to Father's shared parenting plan were (1) removing the provisions specifying that "[e]ach parent shall be designated as residential parent * * *" and substituting it with provision that Mother "be named as the primary residential parent with * * * [Father] receiving parenting time," (2) changing Father's proposed visitation schedule to "a schedule as can be agreed upon between the parties" and if no agreement can be reached, visitation in accordance with the Brown County Standard Visitation Guidelines, and (3) removing terms related to the parties' right of first refusal when the other parent is in need of a caretaker for the children. The magistrate also struck various portions of Father's shared parenting plan dealing with the parties' child support obligations and the payment of the children's medical expenses and extracurricular activities.

{¶ 6} Both Mother and Father filed objections to the magistrate's decision. Father objected to that portion of the decision dealing with shared parenting on the following bases:

> 8. [Father] believes the Parenting Schedule was not in the best interest of the minor children considering the [guardian ad litem] recommended week on week off rotating schedule and the Court agreed to the same for the summer months.
>
> * * *
>
> 10. The Child Support calculations are unreasonable, unjust, and inappropriate both in the amount and effective date. * * * [T]he Court failed to deviate the child support amount based

- 3 -

upon the time that * * * [Father] spends with the children.

12. The Court continued the extended summer parenting time although it was ordered a week on week off summer schedule.

* * *

14. This Honorable Court failed to address what the parties are to do with the minor children if they are off of school on Tuesdays.

* * *

16. [Father] objects to not having equal access to picking the children up from school without permission of * * * [Mother].

While the objections were pending before the trial court, Mother filed for bankruptcy and the case was stayed.

{¶ 7} The case was reactivated in June 2014. A few months later, on October 30, 2014, the trial court held a hearing on the parties' objections to the magistrate's decision. Following argument on the objections, the trial court issued an Interim Order on Objections, in which the court noted that the parties' original objections "fail[ed] to specify exactly what is wrong regarding each [objectionable] item in the decision. There is no specificity as to what the proper Order should be and no legal authority for any position taken by Counsel in the Objections." The court, therefore, ordered that the parties file memoranda setting forth "exactly what they find objectionable about each objection the[y] have filed and it must specify exactly what they want the Court to Order if the objection is sustained." Mother and Father both complied with the court's order by filing supplemental memoranda in support of their objections.

{¶ 8} On April 13, 2015, the trial court issued a decision denying the majority of the parties' objections. With respect to the parties' objections to shared parenting, the court stated it "agree[d] with the Magistrate's Decision that the Shared Parenting Plan proposed by the [Father] is in the best interests of the children." However, the court, in response to

Mother's objections and concerns regarding medical care for the children, stated the following:

> The Court does believe that there should be one change to the Plan and that is the provision that deals with medical decisions for the children. The plan shall provide that both parents should consult with another in making medical decisions and that either party may obtain a second medical opinion at their own cost, regarding any medical, dental, optical or mental health decisions that concern the parties [sic] children. If the parties still cannot agree, the recommendation of the child's treating physician or medical provider shall control. If there is an emergency, the parent who is exercising parenting time may make the decision. The Court believes that this modification is necessary given the parties [sic] distrust of one another.

After ruling on the remaining objections, the court ordered that Father's attorney prepare and submit the final decree of divorce by May 15, 2015.

{¶ 9} Mother and Father were unable to agree on some of the wording to be used in the decree, and a hearing was held on June 10, 2015, to resolve these disputes. At this time, Father's counsel indicated the following:

> [M]y client took concern with * * * the way the wording was with the parenting issues. The magis - - the decision, on objection, states that the father's shared parenting plan should be adopted, but it didn't say the next words, which I - - I - - I think - - I don't know if it was an oversight or not, it didn't say, "as modified by the magistrate." It said, "father's shared parenting plan was in the best interest." So my client insisted that the decree states that his shared parenting is adopted with the one clarification that was in the decision on objections.

The court responded to Father's concerns by stating:

> Well, what the parties, apparently, don't understand is that I can do whatever I want. I can modify anything that's proposed. I can do whatever I think is in the best interest. If I don't like the magistrate's decision, in full, I can scrap it. I can change it. I can modify it. If I don't like the shared parenting plan, I can scrap it. I can change it, to make it my own order.

{¶ 10} Thereafter, on June 17, 2015, the trial court issued its final decree of divorce. The decree of divorce provided that "the parties shall have shared parenting for their said

minor children pursuant to the [Father's] proposed shared parenting plan * * * which is incorporated herein by reference as if being completely rewritten with modifications being made to the said plan by this Court and as otherwise set forth in this Decision."

{¶ 11} Father has timely appealed from the decree of divorce, raising two assignments of error.

## II. ANALYSIS

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE REQUIREMENTS OF OHIO LAW WHEN ADOPTING A SHARED PARENTING PLAN.

{¶ 14} In his first assignment of error, Father argues that both the magistrate and the trial court judge "exceed[ed] [their] subject matter jurisdiction" by failing to observe the limitations set forth in R.C. 3109.04(D)(1)(a)(iii) when they modified Father's shared parenting plan before the plan was adopted and set forth in the final decree of divorce. Alternatively, Father argues the magistrate and judge committed reversible error in modifying Father's shared parenting plan.

### A. Jurisdictional Challenge

{¶ 15} Father argues the trial court's adoption of the shared parenting plan is void as the court lacked the subject matter jurisdiction to act. In support of his argument, appellant cites *Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208*, 37 Ohio St.3d 56 (1988).

{¶ 16} In *Cent. Ohio Transit Auth.*, the Ohio Supreme Court examined R.C. 4117.16(A) to determine a trial court's jurisdiction to extend a temporary restraining order enjoining a union from striking. *Id.* The court found that "[u]nder R.C. 4117.16(A), the court of common pleas is without jurisdiction over a strike by public employees after the State Employment Relations Board ["SERB"] has determined pursuant to that statute that the strike

- 6 -

does not pose a clear and present danger to the public health or safety." *Id.* at paragraph two of the syllabus. In reaching this determination, the court noted that the language of R.C. 4117.16(A) limited a trial court's jurisdiction in extending a temporary restraining order to those situations in which SERB determines that a clear and present danger exits. *Id.* at 61. "Once SERB issues a finding that no such danger is present, the trial court is absolutely without authority to proceed in any manner." *Id.* The trial court's exercise of jurisdiction subsequent to SERB's negative finding was therefore found to be void. *Id.*

{¶ 17} Father argues that the General Assembly did not give the trial court the authority under R.C. 3109.04(D)(1)(a)(iii) to unilaterally modify a plan proposed by a party or to create its own shared parenting plan. He contends that the court, by attempting to fashion its own shared parenting plan, "exceeded the subject matter jurisdiction bestowed upon it by the legislature [making the] order * * * void ab initio."

{¶ 18} R.C. 3109.04(D)(1)(a)(iii) provides as follows:

> If each parent makes a request in the parent's pleadings or files a motion but only one parent files a plan, or if only one parent makes a request in the parent's pleadings or files a motion and also files a plan, the court in the best interest of the children may order the other parent to file a plan for shared parenting in accordance with division (G) of this section. The court shall review each plan filed to determine if any plan is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. If the court determines that no filed plan is in the best interest of the children, the court may order each parent to submit appropriate changes to the parent's plan or both of the filed plans to meet the court's objections or may select one filed plan and order each parent to submit appropriate changes to the selected plan to meet the court's objections. If changes to the plan or plans are submitted to meet the court's objections, and if any of the filed plans with the changes is in the best interest of the children, the court may approve the plan with the changes. If changes to the plan or plans are not submitted to meet the court's objections, or if the parents submit changes to the plan or plans to meet the court's objections but the court determines that none of the filed plans with the submitted changes is in the best interest of the children, the court may reject the portion of the

- 7 -

parents' pleadings or deny the parents' motion or reject the portion of the parents' pleadings or deny their motions requesting shared parenting of the children and proceed as if the request or requests or the motion or motions had not been made. If the court approves a plan under this division, either as originally filed or with submitted changes, or if the court rejects the portion of the pleadings or denies the motion or motions requesting shared parenting under this division and proceeds as if the request or requests or the motion or motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. Division (D)(1)(b) of this section applies in relation to the approval or disapproval of a plan under this division.

Therefore, under R.C. 3109.04(D)(1)(a)(iii), if only one parent files a shared parenting plan, the court shall review the plan to see if the plan is in the best interest of the children. If the court determines that the proposed plan is not in the best interest of the children, the court may request that the parent make appropriate changes to address the court's objections. Should the changes still not satisfy the court, the court may proceed as if the request or motion for shared parenting had not been made. *DaSilva v. DaSilva*, 12th Dist. Butler CA2004-06-127, 2005-Ohio-5475, ¶ 11, citing R.C. 3109.04(D)(1)(a)(iii). "The statute does not give the court authority to create its own shared parenting plan." *Id. See also Schattschneider v. Schattschneider*, 3d Dist. Auglaize No. 2-06-24, 2007-Ohio-2273, ¶ 6; *Bowen v. Bowen*, 132 Ohio App.3d 616, 641 (9th Dist.1999).

{¶ 19} We find, contrary to Father's arguments, that the juvenile court's failure to follow the procedure outlined in R.C. 3109.04(D)(1)(a)(iii) implicates an improper *exercise* of the court's subject matter jurisdiction rather than a *lack* of subject matter jurisdiction altogether. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 10. As the Ohio Supreme Court explained in *Pratts:*

> "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." * * * The term encompasses jurisdiction over the subject matter and over the person. * * * Because subject-matter jurisdiction goes to the power of the court to

- 8 -

adjudicate the merits of the case, it can never be waived and may be challenged at any time. * * * It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." * * *

The term "jurisdiction" is also used when referring to a court's exercise of jurisdiction over a particular case. * * * "The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." * * * "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred.'" * * *

(Citations omitted.) *Id.* at ¶ 11-12.

{¶ 20} Applying the above principles, we conclude that the magistrate's and judge's actions in modifying Father's shared parenting plan prior to adopting the plan did not divest the trial court of subject matter jurisdiction so that the judgment rendered is void ab initio. Rather, it consists of an error in the trial court's exercise of jurisdiction over this particular case.

{¶ 21} The issue then becomes whether the magistrate's and judge's improper exercise of jurisdiction results in reversible error. We begin by examining the magistrate's actions.

**B. Magistrate's Modifications to Plan**

{¶ 22} As set forth above, R.C. 3109.04(D)(1)(a)(iii) does not give a court the authority to create its own shared parenting plan. *DaSilva*, 2005-Ohio-5475 at ¶ 11; *Schattschneider*, 2007-Ohio-2273 at ¶ 6. If a court determines that a parent's proposed shared parenting plan is not in the children's best interest, the court may make suggestions for modification of the plan and request that the parent resubmit the shared parenting plan. *McClain v. McClain*, 87

Ohio App.3d 856, 857 (9th Dist.1993); *DaSilva* at ¶ 11. If the parent does not make the appropriate changes or if the court is not satisfied with the changes that are resubmitted, the court may proceed as if the request or motion for shared parenting had not been made. *Id.* If no satisfactory plan is filed with the court, the court will not adopt any plan. *Id.*, citing R.C. 3109.04(D)(1)(b).

**{¶ 23}** There is no dispute in the present case that the magistrate acted in violation of R.C. 3109.04(D)(1)(a)(iii) when he struck various provisions of Father's proposed shared parenting plan and replaced those provisions with his own provisions. Mother argues, however, that the error is not reversible as Father failed to specifically object to the magistrate's actions in his written objections to the magistrate's decision. Mother also contends, contrary to Father's arguments, that the magistrate's actions do not rise to the level of plain error.

**{¶ 24}** Civ.R. 53(D)(3)(b)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Further, the rule provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

**{¶ 25}** Father did not object to the magistrate's actions in striking the various provisions of the shared parenting plan and substituting his own provisions in their place. By failing to object to the magistrate's actions, Father has waived all but plain error on appeal. *Thompson v. Cannon*, 12th Dist. Fayette No. CA2015-02-003, 2015-Ohio-2893, ¶ 12.[1] Plain

---

1. Although Mother disputes whether Father adequately raised a plain error argument on appeal, we find that Father sufficiently raised the issue in his appellate brief when he argued that the court's "[f]ailure to follow th[e] statutorily mandated process [set forth in R.C. 3109.04(D)(1)(a)(iii)] is plain error."

error is only found in "exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶ 26} Having reviewed the record, we find that the magistrate's actions in the present case rises to the level of plain error. *See, e.g., Clark v. Clark*, 3d Dist. Union No. 14-06-56, 2007-Ohio-5771, ¶ 39-41 (appellate court sua sponte raising and finding plain error where the trial court modified father's shared parenting plan to require mother to pay father child support before adopting the plan); *Elson v. Plokhooy*, 3d Dist. Shelby No. 17-10-24, 2011-Ohio-3009, ¶ 42-45 (appellate court sua sponte raising and finding plain error where the magistrate modified the visitation portion of a father's shared parenting plan that was later adopted by the trial court). The magistrate's actions in striking a large number of provisions in Father's shared parenting plan and replacing those provisions with his own was an exceptional circumstance affecting the underlying fairness of the proceedings. If the magistrate found the terms of Father's proposed shared parenting plan objectionable, he should have asked Father to submit appropriate changes to meet his objections, and if the changes did not satisfy the magistrate, he should have recommended that Father's parenting plan be rejected. R.C. 3109.04(D)(1)(a)(iii) and (D)(1)(b). Because the magistrate failed to comply with R.C. 3109.04(D)(1)(a)(iii), we find plain error.

**C. Trial Court's Modifications to Plan**

{¶ 27} We further find that the trial court's modification to the shared parenting plan to address medical care for the children was in violation of the court's authority under R.C. 3109.04(D)(1)(a)(iii) and, therefore, is reversible error. The trial court, in ruling on the parties' objections to the magistrate's decision, modified the shared parenting plan to provide that both parents should consult with another in making medical

decisions and that either party may obtain a second medical opinion at their own cost, regarding any medical, dental, optical or mental health decisions that concern the parties' children. If the parties still cannot agree, the recommendation of the child's treating physician or medical provider shall control. If there is an emergency, the parent that is exercising parenting time may make the decision.

**{¶ 28}** Mother argues on appeal that the trial court's modification of the shared parenting plan to address medical care for the children was an error that Father invited. She contends "[Father] had asked the court for the very wording regarding a second opinion that the court then inserted in the decree." However, we find no evidence in the record to support Mother's contention. The only party that raised objections to the magistrate's decision regarding the medical care of the children was Mother. Father did not "invite" the trial court to make the foregoing change to his proposed shared parenting plan.[2] Rather, the court amended the shared parenting plan on its own volition and in violation of the requirements of R.C. 3109.04(D)(1)(a)(iii).

**{¶ 29}** We therefore sustain Father's first assignment of error. The judgment of the trial court is reversed and the matter remanded for the proper application of R.C. 3109.04(D)(1)(a)(iii).

### D. Reservation of Jurisdiction

**{¶ 30}** Assignment of Error No. 2:

---

2. At the June 10, 2015 hearing, Father did request that the court's final decree of divorce state that the adopted shared parenting plan had been modified by the magistrate. Father's counsel specifically stated:

> [M]y client took concern with * * * the way the wording was with the parenting issues. The magis - - the decision, on objection, states that the father's shared parenting plan should be adopted, but it didn't say the next words, which I - - I - - I think - - I don't know if it was an oversight or not, it didn't say, "as modified by the magistrate." It said, "father's shared parenting plan was in the best interest." So my client insisted that the decree states that his shared parenting is adopted with the one clarification that was in the decision on objections.

In no way can the foregoing be characterized as Father asking for the trial court to modify the medical care provision of the shared parenting plan.

{¶ 31} THE TRIAL COURT ERRED BY RESERVING JURISDICTION TO MODIFY THE PROPERTY DIVISION IN THE FUTURE.

{¶ 32} In his second assignment of error, Father contends the trial court erred when it reserved jurisdiction over newly discovered evidence of previously hidden marital property. Father argues the court lacks the authority to reserve jurisdiction pursuant to Civ.R. 75(F) and R.C. 3105.171(I). We agree.

{¶ 33} In the final decree of divorce, the trial court made its property division orders and then stated that

> [i]t is further Ordered that the Court shall reserve jurisdiction in the event that either party comes into any newly discovered evidence not available at the time of this trial which purports to show that either party is indeed hiding marital joint funds from the other party and upon proof of the same shall be subject to further division by this court.

{¶ 34} However, a court cannot enter final judgment on a claim for divorce unless one of the following applies:

> (1) The judgment also *divides the property of the parties*, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children;
>
> (2) *Issues of property division*, spousal support, and allocation of parental rights and responsibilities or shared parenting *have been finally determined in orders*, previously entered by the court, that are incorporated into the judgment[.]

(Emphasis added.) Civ.R. 75(F). Moreover, "a division of marital property is not subject to modification through the continuing jurisdiction of the court." *Robins v. Robins*, 10th Dist. Franklin No. 04AP-1152, 2005-Ohio-4969, ¶ 11. *See also Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801, ¶ 58; R.C. 3105.171(I) ("A division or disbursement of property * * * is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses"). Therefore, once the trial court

- 13 -

divides the marital property and enters the final decree of divorce, the judgment is final and the court no longer possesses jurisdiction over the division of marital assets.

{¶ 35} However, while a trial court cannot reserve jurisdiction to modify a property division, the court does have jurisdiction to grant a new trial pursuant to Civ.R. 59(A)(8) or to grant relief from judgment pursuant to Civ.R. 60(B)(2). *See, e.g., McSweeney v. McSweeney*, 112 Ohio App.3d 355 (10th Dist.1996); *Costakos v. Costakos*, 10th Dist. Franklin No. 97APF04-553, 1997 WL 607477 (Sept. 30, 1997). Therefore, if the parties in the present case discover new evidence of hidden marital funds, they may, at that time, file the appropriate motion asking the court to exercise jurisdiction over the newly-discovered assets.

{¶ 36} Accordingly, we sustain Father's second assignment of error and reverse the trial court's judgment to the extent that it attempts to reserve jurisdiction to divide additional marital property. The matter is remanded to the trial court with instructions to remove the following language from the final decree:

> It is further Ordered that the Court shall reserve jurisdiction in the event that either party comes into any newly discovered evidence not available at the time of this trial which purports to show that either party is indeed hiding marital joint funds from the other party and upon proof of the same shall be subject to further division by this court.

### III. CONCLUSION

{¶ 37} For the reasons set forth above, the judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.

{¶ 38} Judgment reversed and remanded.

M. POWELL, P.J., and S. POWELL, J., concur.