[Cite as *Reynolds v. Bailey*, 2021-Ohio-3960.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| LOREN M. REYNOLDS, | : | |
| Appellant, | : | CASE NO. CA2021-03-028 |
| | : | O P I N I O N |
| - vs - | | 11/8/2021 |
| | : | |
| ALEXIS B. BAILEY, | : | |
| Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR17-05-0475

Cook Howard Law, Ltd., and Melynda Cook Howard, for appellant.

Rodriguez & Porter, Ltd., and Gregory D. Porter, for appellee.

**PIPER, J.**

{¶ 1}   Appellant, Loren Reynolds ("Father"), appeals decisions of the Butler County Court of Common Pleas, Domestic Relations Division, setting child support and awarding attorney fees in favor of appellee, Alexis Bailey ("Mother").[1]

**Procedural Background**

{¶ 2}   The parties divorced in 2017 and Father was awarded custody of the parties'

---

1. Mother did not file a brief with this court, and thus did not participate in the appeal.

child. In 2020, and without permission from the court, Father moved out of state with the child and began to deny Mother visitation. Mother filed motions to hold Father in contempt, modify custody, restrict or terminate parenting time, and modify child support. Mother also filed a motion for attorney fees and costs based on Father's contempt.

{¶ 3} The matter came before a magistrate, who found that Mother had properly served Father her motions. The magistrate then set a pretrial hearing via telephone with counsel for Mother and with Father to occur the following month. Approximately one week before the pretrial hearing, Father filed a motion for continuance. However, Father did not appear for the hearing on his motion for a continuance, and the magistrate denied the motion.

{¶ 4} The pretrial hearing occurred as previously scheduled. An attorney appeared "informally" and told the court that Father was contemplating retaining his services to defend Mother's pending motions. In accommodating Father, the magistrate continued the matter for approximately three weeks. However, neither the attorney nor Father appeared for the rescheduled pretrial. The magistrate then scheduled the matter for an evidentiary hearing.

{¶ 5} Father did not appear at the evidentiary hearing, nor was he represented by counsel. The court permitted Mother to proceed on her motions and announced its decision from the bench. The magistrate then ordered Mother to submit a proposed order consistent with its oral pronouncements.

**Magistrate's Decision**

{¶ 6} The magistrate approved and adopted the proposed order as its own, and ordered that Mother be the child's custodian, terminated Mother's child support obligation, and ordered Father to pay child support. The magistrate also restricted Father's visitation and found him in contempt for denying Mother her visitation with the child. As part of the contempt, the magistrate ordered Father to pay $500.00 in attorney fees.

**No Objections Filed**

{¶ 7}   Father did not file any objections to the magistrate's decision, and the decision was fully adopted by the domestic relations court.  Father then filed an appeal of the domestic relations court's decision, raising challenges to the court's order of attorney fees and the effective date for his child support obligation.  However, because Father failed to object to the magistrate's decision we will not consider Father's arguments on appeal, as Father makes no claim of plain error.

**Civ.R.53(D)(3)(b)(iv)**

{¶ 8}   According to Civ.R. 53(D)(3)(b)(iv), "except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Plain error is only found in "exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  *Holden v. Holden*, 12th Dist. Brown No. CA2015-07-016, 2016-Ohio-5557, ¶ 25.

{¶ 9}   Father does not claim that the domestic relations court committed plain error, nor does he formulate a legal argument for plain error review.  As noted by the Ohio Supreme Court, "justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination."  *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 19.  All three are lacking in this appeal, as Father never raised any objections for the trial court to consider, and he has failed to brief or argue on appeal that plain error exists.

{¶ 10}  Further noted by the Ohio Supreme Court, "we are not obligated to search the

record or formulate legal arguments on behalf of the parties, because appellate courts do not sit as self-directed boards of legal inquiry and research, but preside essentially as arbiters of legal questions presented and argued by the parties before them." *Id.* Thus, the *Quarterman* Court refused to consider whether it was plain error for a court to apply certain statutes because the appellant had not challenged the issue below nor presented the issue of plain error on appeal.

{¶ 11} An appellant's arguments are especially significant where the civil plain error standard is more stringent than criminal plain error and requires the existence of "exceptional circumstances" justifying its application. It is not within our role as an appellate court to construct a legal argument for Father as to why this case satisfies the stringency required by the civil plain error standard. Thus, we overrule Father's two assignments of error, which attempt to assign error to the trial court's adoption of the magistrate's findings and conclusions in the absence of any objections as required by Civ. R. 53(D)(3)(b)(iv).

{¶ 12} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.